UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                             Date:  October 26, 2011
Title:  Christopher Gustafson v. BAC Home Loan Services LP, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|   Ellen Matheson   |        N/A        |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                            Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 26)**

   Before the Court is a Motion to Dismiss filed by Defendants Bank of America N.A., BAC Home Loan Services LP, and Balboa Insurance Company.  (Doc. 26)  The Court finds this matter appropriate for disposition without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for November 7, 2011 at 10:00 a.m. is VACATED.

   Defendants filed their Motion to Dismiss on August 8, 2011.  Pursuant to a stipulation by the parties, which was entered by the Court on September 12, 2011, Plaintiff Christopher Gustafson's response was due by October 12, 2011.  (Doc. 33.)  To date, however, Plaintiff has not filed an opposition.  Instead, the parties filed two Joint Stipulations to extend the time for Plaintiff to respond to Defendants' Motion to Dismiss (Docs. 42, 44), which were both denied by the Court (Docs. 43, 45).

   A stipulation by the parties to extend the time to answer a motion is not effective until approved by the Court.  C.D. Cal. R. 7-1 ("Written stipulations affecting the progress of the case shall be filed with the Court . . . and will not be effective until approved by the judge, except as authorized by statute or the [Federal Rules of Civil Procedure].").  Therefore, Plaintiff was not excused from filing his opposition brief in accordance with the Court's September 12, 2011 Order.  Local Rule 7-12 holds that "failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  C.D. Cal. R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

   Before dismissing an action for noncompliance with a local rule, a district court must weigh several factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                    Date:  October 26, 2011

Title:  Christopher Gustafson v. BAC Home Loan Services LP, et al.

sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The balance of these factors clearly weighs in favor of dismissal.

    The parties have indicated by stipulation their intent to permit Plaintiff to file an amended complaint. (Doc. 44.)  The Court denied their stipulation because it set forth an implausible schedule that required Defendants to respond to the amended complaint before Plaintiff's motion to file an amended complaint could be decided under the Local Rules.  (Doc. 45.)  However, given the parties' agreement that Plaintiff's current complaint should not remain the operative complaint in this action, the *Ghazali* factors favor granting Defendants' unopposed motion to dismiss with leave to amend.  Such a course of action will advance the litigation and promote the efficient management of the Court's docket, while also permitting the case to proceed to a decision on the merits if Plaintiff chooses to file his amended complaint.  Neither party is prejudiced by the Court's decision, as they have effectively stipulated to such a procedure.

    Therefore, the Court GRANTS Defendants' Motion and DISMISSES Plaintiff's Complaint without prejudice.  Any amended complaint must be filed no later than **November 16, 2011**, or the matter will be deemed dismissed with prejudice.  The Scheduling Conference set for November 7, 2011, at 10:00 a.m. is VACATED.

                                                                       Initials of Preparer:  enm