O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Gustafson,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BAC Home Loans Servicing, LP, et al.,<br><br>　　　　Defendants. | CASE NO. SACV 11-915-JST (ANx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. 55)** |

1

1    Before the Court is a Motion to Dismiss ("Motion") filed by Defendants Bank of
2 America, N.A. ("Bank of America"), BAC Home Loan Servicing, LP ("BAC") (together,
3 the "Bank of America Defendants"), and Balboa Insurance Company ("Balboa")
4 (collectively, "Defendants").  (Mot., Doc. 55.)  On January 30, 2012, Plaintiff Christopher
5 Gustafson ("Plaintiff") opposed the Motion (Opp'n, Doc. 61), and Defendants replied on
6 February 13, 2012 (Reply, Doc. 64).  Having considered the papers submitted by the
7 parties and having taken the matter under submission, the Court GRANTS in part, and
8 DENIES in part Defendants' Motion.

**BACKGROUND**

Plaintiff initiated this action on June 17, 2011, by filing a proposed class action complaint challenging various aspects of the Bank of America Defendants' policy requiring borrowers to pay for force-placed hazard insurance on secured properties.  On November 16, 2011, Plaintiff filed a First Amended Complaint ("FAC"), which is the operative complaint in this action and the subject of Defendants' Motion.  (FAC, Doc. 53.) The FAC asserts six claims:  (1) violation of the Real Estate Settlement Procedures Act ("RESPA") against all Defendants, (2) breach of the implied covenant of good faith and fair dealing against the Bank of America Defendants, (3) breach of the express terms of the mortgage agreement against the Bank of America Defendants; (4) violation of California Business and Professions Code § 17200, *et seq*. (the "UCL") against the Bank of America Defendants, (5) common law restitution, unjust enrichment, and/or disgorgement against all Defendants; and (6) declaratory and injunctive relief against the Bank of America Defendants.  (*Id*. ¶¶ 93-133.)

Plaintiffs' FAC alleges that, on July 10, 2002, Plaintiff entered into a contract with American Bank & Trust Company ("ABT") to obtain a first-lien mortgage loan (the "Mortgage Agreement") to purchase a property located at 519 14th Avenue, Silvis, Illinois (the "Property").  (*Id*. ¶ 12.)  The Mortgage Agreement required Plaintiff, as the borrower,

2

to "keep the improvements now existing or hereafter erected on the Property insured against loss" and mandated that the "insurance shall be maintained in the amounts . . . and for the periods that Lender requires." (FAC, Ex. A at 4, ¶ 5.) The provision further provided that, if Plaintiff failed to maintain hazard insurance on the Property, the lender:

> may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained.

(*Id*. at 4-5, ¶ 5, hereinafter, the "Insurance Provision.")

In accordance with the Insurance Provision, Plaintiff purchased a homeowner's insurance policy from State Farm, policy number 73TK43223 (the "State Farm Policy"), containing a standard mortgage clause that continued coverage for the lender in the event Plaintiff failed to pay his insurance premiums. (FAC ¶¶ 13, n.2, 22-23.) The State Farm Policy premium of $614.00 for the period from July 10, 2010 through July 10, 2011, was paid through Plaintiff's escrow account. (*Id*. ¶ 22.)

In July 2010, Plaintiff received notice that his loan was being serviced by BAC, a subsidiary of Bank of America. (*Id*. ¶ 24.) Thereafter, on January 3, 2011, despite the existence of the State Farm Policy, Plaintiff received notice from Bank of America's office in Fort Worth, Texas, advising him that it would force-place hazard insurance on the Property, back-dated to December 6, 2010, if Plaintiff did not provide proof of insurance by February 7, 2011. (*Id*. ¶ 26, Ex. T.) The notice further provided that Plaintiff would be charged for the insurance at an approximate cost of $1,045.00, that the force-placed

3

insurance would provide less coverage than his previous policy, and that the force-placed insurance may be purchased from a Bank of America affiliate from which Bank of America would receive a commission in connection with obtaining the coverage. (*Id.*)

On February 10, 2011, Plaintiff received a second notice from Bank of America's Texas office advising him that force-placed insurance had been purchased from Balboa and placed on the Property, back-dated to December 6, 2010. (*Id.* ¶ 27, Ex. U.) The notice further explained that Plaintiff could obtain his own preferred hazard insurance policy and cancel the force-placed insurance for a full refund, and attached a copy of the force-placed policy. (*Id.*) The policy named BAC's Texas office as the insured, protected only BAC's interest in the Property, and charged a total premium of $1,045.00. (*Id.*, Ex. U at 5.) It also provided an amount of coverage that exceeded the outstanding principal balance on Plaintiff's loan. (*Id.* ¶ 29.) The premium for the force-placed policy was charged to Plaintiff's escrow account on or about February 8, 2011. (*Id.* ¶ 28.)

At the time of the force-placement, Balboa was the subsidiary and/or affiliate of Bank of America. (*Id.* ¶ 27.) Plaintiff alleges that the Bank of America Defendants were parties to an agreement with Balboa pursuant to which they referred borrowers exclusively to Balboa for force-placed insurance in exchange for a commission on each insurance policy. (*Id.* ¶¶ 43-49.)

In the FAC, Plaintiff alleges that the force-placement of insurance on his Property, as outlined above, violated RESPA, breached his Mortgage Agreement, and constituted an unlawful, unfair, and fraudulent business practice under the UCL. On December 12, 2011, Defendants filed their Motion seeking to dismiss each of Plaintiff's claims. On March 30, 2012, the parties stipulated to the dismissal without prejudice of Plaintiff's RESPA claim. (Doc. 73.) Accordingly, the Court does not address the RESPA claim in this Order.

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555).

**DISCUSSION**

    **A.** *Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing*

Plaintiff brings two breach of contract claims. The first asserts that the Bank of America Defendants breached the express Insurance Provision in the Mortgage Agreement

by force-placing insurance beyond the scope of coverage authorized thereunder. The second asserts that the Bank of America Defendants breached the covenant of good faith and fair dealing by exercising the discretion vested in them under the Insurance Provision in bad faith. Plaintiff has adequately pleaded each claim.

To establish a breach of contract under Illinois law,[1] "[a] plaintiff must show the existence of a valid and enforceable contract, performance of the contract by the plaintiff, breach of the contract by the defendant, and resulting injury to the plaintiff." *Horwitz v. Sonnenschein Nath and Rosenthal LLP*, 399 Ill. App. 3d 965, 973 (2010) (citation and internal quotation marks omitted). A breach of contract claim may be resolved as a matter of law on a motion to dismiss where the terms of the contract are unambiguous. *Evers v. Edward Hosp. Ass'n*, 247 Ill. App. 3d 717, 726 (1993).

Illinois law also recognizes that all contracts contain an implied covenant of good faith and fair dealing, which requires a party vested with discretion under a contract to exercise that discretion "reasonably and with proper motive, not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties." *Mid-West Energy Consultants, Inc. v. Covenant Home, Inc.*, 352 Ill. App. 3d 160, 165 (2004) (citation and internal quotation marks omitted). To establish a breach of the covenant, a plaintiff must show that "the contract vested the opposing party with discretion in performing an obligation under the contract and the opposing party exercised that discretion in bad faith, unreasonably, or in a manner inconsistent with the reasonable expectations of the parties." *Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 792 (N.D. Ill. 2010) (applying Illinois law).

Defendants assert that Plaintiff cannot state a claim for breach of contract or breach of the covenant of good faith and fair dealing because the Insurance Provision expressly

---

[1] The Mortgage Agreement provides that it "shall be governed by federal law and the law of the jurisdiction in with the Property is located." (FAC, Ex. A at 8 ¶ 16.) Because the property is located in Illinois, the Court will apply Illinois law to Plaintiff's state law claims. (*Id.* at 2.)

authorized them to engage in the conduct challenged by Plaintiff. (Mot. at 6, 9-10.) While Defendants correctly identify that the Insurance Provision conferred upon them discretion to purchase force-placed hazard insurance at Plaintiff's expense, the FAC alleges facts that, if accepted as true, could establish that the Bank of America Defendants purchased force-placed insurance for the Property in amounts that exceeded the scope of the express contract and/or in a manner that constituted an unreasonable exercise of their discretion under the Insurance Provision. (*See* FAC, Ex. A at 4, ¶ 5.)

As to breach of the express contract, the FAC alleges that the Bank of America Defendants exceeded the scope of their authority under the Insurance Provision by, among other things: (i) purchasing insurance that exceeded the lender's interest in the property; (ii) backdating the force-placed policy to cover periods for which no loss occurred; (iii) purchasing force-placed insurance despite a standard mortgage clause in the State Farm Policy continuing coverage for the lender if Plaintiff failed to pay his insurance premiums; and (iv) purchasing force-placed insurance even though the State Farm Policy covered the Property during the same time period. (*Id*. ¶¶ 22-23, 28-29, 113.) These allegations are sufficient to state a claim for breach of contract at this stage of the proceedings. While the Insurance Provision afforded the Bank of America Defendants discretion to force-place insurance on Plaintiff's Property, it did not unambiguously permit the Bank of America Defendants to do so in the manner alleged by Plaintiff.

As to breach of the implied covenant of good faith and fair dealing, the FAC alleges that the Bank of America Defendants exercised their discretion to force-place insurance under the Insurance Provision in bad faith and in a manner inconsistent with the parties' reasonable expectations by, among other things: (i) procuring insurance in an amount exceeding the lender's interest in the property; (ii) purchasing insurance from Balboa, with which they had a prearranged agreement to receive a commission on each policy, instead of pricing insurance on the open market; (iii) backdating the force-placed policy to cover a period of time for which they had no risk of loss; and (iv) force-placing insurance when the

State Farm Policy was in effect and/or the lender was covered under the standard mortgage clause. (*Id.* ¶¶ 22-23, 25, 27-29, 43-49, 107(a)-(h).) These allegations are sufficient to state a claim for breach of the covenant of good faith and fair dealing.

Accordingly, the Court DENIES Defendants' Motion as to Plaintiff's claims for breach of the express contract and breach of the implied covenant of good faith and fair dealing.

### B. *UCL*

Plaintiff's fourth claim seeks relief under California's unfair competition law, which prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The Bank of America Defendants contend Plaintiff is precluded from prosecuting a claim under the UCL because he is not a California resident, and neither his alleged injury, nor conduct giving rise to his alleged injury occurred in California. (Mot. at 15-16.)

Whether Plaintiff, an Illinois resident, may avail himself of the UCL depends upon whether his "proposed application of the UCL would cause it to operate, impermissibly, with respect to occurrences outside the state." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011). The UCL does not operate extraterritorially. *Id.* at 1208. Accordingly, while the UCL reaches claims made by out-of state residents harmed by unlawful conduct occurring inside California, it does not apply to wrongful conduct occurring outside of California. *Id.* at 1208-09 (holding UCL did not apply to claims under the Fair Labor Standards Act where conduct prohibited under the statute occurred outside of California); *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 242 (2001) (holding UCL applied to claims where brochures containing allegedly deceptive representations "disseminated from" California and core decision at issue in the case was made at defendant's headquarters in California); *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999) (concluding UCL applied to "non-California residents for whom [defendant's] conduct of purchasing [force-placed insurance] occurred in California," but not to "non-

8

California residents for whom [defendant's] conduct of purchasing [force-placed insurance] occurred in states other than California"); *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605, 613 (1987) (holding UCL applied to claims where defendants' principal offices and employees who prepared challenged advertising and literature were located in California).

Here, Plaintiff is an Illinois resident. (FAC ¶ 11.) His Property is located in Illinois, the originating lender was an Iowa corporation located in Illinois, the Mortgage Agreement was executed in Illinois, and the parties agreed that their rights and obligations under the Mortgage Agreement would be governed by Illinois law. (*Id.* ¶ 12, Ex. A at 1-2, 8, 11.) Documents attached to the FAC reveal that the notices to Plaintiff regarding the force-placement of insurance on the Property were sent from the Bank of America Defendants' Texas offices, and the force-placed insurance policy identifies BAC's Texas office as the insured. (*Id.*, Exs. T at 1, U at 1, 5.) The only allegation contained anywhere in the FAC pertaining to any California-based conduct is the conclusory assertion that "Defendants' scheme was devised, implemented and directed from BAC Home Loans Servicing's and Balboa's offices in California." (*Id.* ¶ 118.)

Such an allegation is too vague to "plausibly suggest an entitlement to relief" under the UCL because it does not establish that any unlawful, unfair, or fraudulent conduct related to the force-placement of insurance on Plaintiff's Property occurred in California. *Starr*, 652 F.3d at 1216. The mere possibility that certain decisions related to the Bank of America Defendants' policies and practices regarding force-placed insurance may have been made in California does not, standing alone, justify application of the UCL to Plaintiff's claims. *See Sullivan*, 51 Cal. 4th at 1207-08 (California-based decision to accord employees exempt status under the Fair Labor Standards Act did not establish applicability of UCL where abstract classification decision did not constitute unlawful conduct giving rise to UCL liability). Rather, Plaintiff may avail himself of the UCL only if the wrongful conduct giving rise to his claim occurred inside California. *See, e.g.*, *id.* at

1209 (no claim under UCL where unlawful conduct that formed the basis for plaintiffs' claim occurred outside California); *Wershba*, 91 Cal. App. 4th at 242 (claim under UCL where deceptive representations that formed the basis of plaintiffs' UCL claim were prepared in and distributed from California); *Clothesrigger*, 191 Cal. App. 3d at 613 (claim under UCL where employees who prepared challenged advertising and promotional literature were located in California). The bare allegations in the FAC are insufficient to establish the locus of the wrongful conduct underlying Plaintiff's claim. Accordingly, Defendants' Motion is GRANTED as to Plaintiff's UCL claim, and Plaintiff's UCL claim is DISMISSED WITHOUT PREJUDICE. Plaintiff may amend his UCL claim if he can allege facts, consistent with Rule 11, establishing that the Defendants' unlawful, unfair, and/or fraudulent conduct occurred in California.

### C. *Unjust Enrichment*

Plaintiff's fifth claim alleges that Defendants were unjustly enriched by Plaintiff's force-placed insurance premiums and, therefore, he is entitled to restitution and/or disgorgement of those payments. (FAC ¶¶ 125-128.) Plaintiff has not asserted a proper claim for unjust enrichment.

"To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience." *Martis v. Pekin Mem'l Hosp. Inc.*, 395 Ill. App. 3d 943, 952 (2009). "The theory of unjust enrichment is based on a contract implied in law." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill. 2d 473, 497 (1992). For that reason, "'where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.'" *Id*. (quoting *La Throp v. Bell Fed. Sav. & Loan Ass'n*, 68 Ill. 2d 375, 391 (1977)). And a claim for unjust enrichment is properly dismissed.

Plaintiff has pleaded the existence of the Mortgage Agreement, which governs his relationship with Defendants as it pertains to the force-placement of insurance on his Property. (FAC ¶¶ 12-13, 102-115.) Although a plaintiff may plead inconsistent claims that allege both the existence of an enforceable agreement that governs the relationship of the parties and the absence of such an agreement, Plaintiff has not done so here. *See Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 604-05 (2005). Accordingly, his unjust enrichment claim is DISMISSED WITHOUT PREJUDICE. Plaintiff may amend his unjust enrichment claim if he can allege facts, consistent with Rule 11, that Defendants' violations arose outside of the duties of the parties under the express Mortgage Agreement.

### D. *Declaratory and Injunctive Relief*

Plaintiff's sixth claim seeks injunctive and declaratory relief against the Bank of America Defendants. (FAC ¶¶ 129-133.) Plaintiff's sixth claim is premised upon Defendants' liability under the above-enumerated claims. Accordingly, to the extent it is based on Plaintiff's contract claims, Defendants' Motion is DENIED. Otherwise, Plaintiff is given leave to replead his claim for declaratory and injunctive relief in a manner consistent with this opinion.

**CONCLUSION**

For the foregoing reasons, the Court DENIES in part and GRANTS in part Defendants' Motion to Dismiss. Plaintiff may file an amended complaint consistent with this Order no later than **May 7, 2012**.

DATED: April 12, 2012

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

11