ROSMAN & GERMAIN LLP
Daniel L. Germain (SBN 143334)
16311 Ventura Boulevard, Suite 1200
Encino, CA 91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

Counsel for Plaintiff

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER GUSTAFSON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BAC HOME LOAN SERVICING, LP, BANK OF AMERICA, N.A., and BALBOA INSURANCE COMPANY <br><br> Defendants. | Case No.: 11-cv-00915-JST-AN <br><br> PLAINTIFF'S NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT TO ADD PARTIES AND CLAIMS <br><br> Date: August 10, 2012 <br> Time: 10:00 a.m. <br> Location: Courtroom 10-A <br> Judge: Hon. Josephine Staton Tucker |

**TO:   ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL:**

**PLEASE TAKE NOTICE** that on Friday, August 10, 2012, at 10:00 a.m., or

as soon thereafter as the matter may be heard in Courtroom 10-A of the Honorable

Josephine Staton Tucker, Plaintiff Christopher Gustafson ("Gustafson" or "Plaintiff")

will move this Court pursuant to Fed. R. Civ. P. 15(a)(2) ("Rule 15(a)(2)") for an

Order granting Plaintiff Leave to Amend his Second Amended Class Action

1

1    Complaint to add additional parties and claims.  The Proposed Third Amended Class

2    Action Complaint ("PTAC") is attached hereto as Exhibit A. The identity of the page

3    and line numbers and wording of any proposed changes and addition of material are

4    identified in the redlined version of the complaint  attached to the  Declaration of

5    Amanda R. Trask ("ART Dec.") as Exhibit 1.   In support of this motion, Plaintiff

6    submits herewith a Memorandum of Points and Authorities and the Declaration of

7    Amanda R. Trask  in Support of Plaintiff's Motion for Leave to Amend Second

8    Amended Complaint to Add Parties and Claims.  A proposed form of Order is filed

9    herewith.

10         This motion is made following conferences of counsel which took place in

11   telephonic meet and confers on June 7 and 10, 2012 addressing discovery and other

12   matters, during which, pursuant to L.R. 7-3, Plaintiff's counsel advised Defendants'

13   counsel of their intent to amend the complaint which intent they also confirmed in e-

14   mail communications dated June 12, 2012 concerning a joint stipulation addressing

15   the parties' agreement and proposal to extend deadlines.

16

17

18

19

20

21

22

23

24

25

26

27

2

# TABLE OF CONTENTS

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA ................................................................... 1

TABLE OF CONTENTS ...................................................... i

TABLE OF AUTHORITIES ................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES STATEMENT OF ISSUE TO BE DECIDED ................................................ 1

SUMMARY OF THE ACTION AND RELEVANT PROCEDURAL HISTORY ...................................................................... 1

THE STANDARD ON A MOTION FOR LEAVE TO AMEND ............................ 7

ARGUMENT ...................................................................... 8

A.     The Proposed Amendment Will Not Result in Undue Delay ........................ 8

B.     The Proposed Amendment is Not Sought in Bad Faith .................................. 9

C.     No Prejudice Will Result from the Proposed Amendment ........................... 11

D.     The Proposed Amendment is Not Futile ............................ 11

E.     The PTAC Properly Addresses Deficiencies Identified By the Court That Plaintiffs Were Not in the Position to Cure in the Second Amended Complaint ......................................... 13

CONCLUSION .................................................................. 15

CERTIFICATE OF SERVICE ................................................ i

i

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Banga v. Allstate Ins. Co.*,
   No. 08-1518, 2011 U.S. Dist. LEXIS 125562 (E.D. Cal. Oct. 31, 2011).......... 12

*Causey v. Portfolio Acquisitions, LLC*,
   No. 10-2781, 2012 U.S. Dist. LEXIS 802 (E.D. Cal. Jan. 4, 2012)........ 7, 11, 12

*Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*,
   No. 06-3359, 2009 U.S. Dist. LEXIS 24089 (N.D. Cal. Mar. 10, 2009).... 11, 12

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) .................................................. 7, 8, 11

*Genentech, Inc. v. Abbot Labs.*,
   127 F.R.D. 529 (N.D.Cal.1989)...............................................................8

*Primerica Life Ins. Co. v. Rodriguez*,
   No. 11-7041, 2012 U.S. Dist. LEXIS 35462 (C.D. Cal. Mar. 14, 2012) .............7

*Raifman v. Wachovia Sec., LLC*,
   No. 11-2885, 2012 U.S. Dist. LEXIS 64596 (N.D. Cal. May 7, 2012)....... 11, 12

*Rieve v. Coventry Health Care, Inc.*,
   No. 11-1032, 2012 U.S. Dist. LEXIS 36814 (C.D. Cal. Mar. 19, 2012) ...... 8, 11

ii

*Rodriguez v. Barrita, Inc.*,

  No. 09-4057, 2012 U.S. Dist. LEXIS 91749 (N.D. Cal. Feb. 29, 2012)..............8

*Tyco Thermal Controls LLC v. Redwood Indus.*,

  No. 06-7164, 2009 U.S. Dist. LEXIS 115933 (N.D. Cal. Dec. 14, 2009) ...........8

**FEDERAL STATUTES**

Racketeer Influenced and Corrupt Organizations Act, 28 U.S.C. §§ 1962 (c)

  and (d) ("RICO") ..................................................................................... 3, 10, 13

Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §

  2607(a) ..................................................................................................................2

**STATE STATUTES**

California Business & Professions Code §§ 17200 *et seq*. (the "UCL")...................2

**RULES**

FED. R. CIV. P. 16 ...........................................................................................................7

FED. R. CIV. P. 15 ...........................................................................................................7

FED. R. CIV. P. 12(b)(6)............................................................................................ 12

FED. R. CIV. P. 15(a)................................................................................................. 12

FED. R. CIV. P. 15(a)(2) ............................................................................... 1, 7, 8, 11

FED. R. CIV. P. 15(a)(2) ............................................................................................ 7, 8

## MEMORANDUM OF POINTS AND AUTHORITIES
## STATEMENT OF ISSUE TO BE DECIDED

The primary issue to be decided by the Court is whether leave to amend the Second Amended Complaint to add parties and claims as reflected in the proposed Third Amended Complaint attached hereto as Exhibit A is appropriate under Rule 15(a)(2). Plaintiff respectfully submits that this issue should be decided in the affirmative.

## SUMMARY OF THE ACTION AND
## RELEVANT PROCEDURAL HISTORY

In this action, Plaintiff asserts claims for relief on behalf of himself and those similarly situated arising out of a scheme designed and implemented by Defendants involving unlawful, abusive and unfair practices with respect to force-placed hazard insurance. In context of the scheme alleged, Defendants, among other things: (a) force-placed insurance upon borrowers from their own affiliates at a substantially higher cost to the borrower than could have been obtained by purchasing such insurance on the open market; (b) received fees, payments, commissions and/or other things of value from the providers of this force-placed insurance; and (c) forced borrowers to pay for unnecessary force-placed insurance, such an backdating policies for times when there were no losses and backdating policies over time periods where there was valid insurance in place. *Id.* at ¶ 3. The result of the exploitative scheme described in detail in Plaintiff's complaints has been for Defendant to improperly take advantage of borrowers and enrich themselves at borrowers' expense.

On November 17, 2011, Plaintiff filed a First Amended Class Action Complaint ("FAC") against Defendants BAC Home Loans Servicing, LP ("BAC Home Loans Servicing"), Bank of America, N.A. ("Bank of America") and Balboa Insurance

1

1  Company ("Balboa"), on behalf of himself and all other persons who have or had a

2  residential mortgage loan or line of credit owned and/or serviced by BAC Home

3  Loans Servicing or Bank of America between June 16, 2007 and the present (the Class

4  Period") and, in connection therewith, were required to pay for "force-placed" hazard

5  insurance policies on the secured property from Balboa. *See* ECF No. 53 ¶ 1. The six

6  count FAC alleged that Defendants' conduct in "force-placing" hazard insurance

7  policies involved a scheme to unlawfully enrich themselves and others that violated

8  the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607(a),

9  constituted a breach of contract (including breach of the implied covenant of good

10  faith and fair dealing), violated California's Unfair Competition Law, set forth in the

11  California Business & Professions Code §§ 17200 *et seq*. (the "UCL"), and gave rise

12  to a claim for unjust enrichment/disgorgement and injunctive relief.

13     On April 12, 2012, in an Order (ECF No. 89) granting in part and denying in

14  part the defendants' Motion to Dismiss (ECF No. 55), this Court dismissed, without

15  prejudice, Plaintiff's UCL and unjust enrichment claims, and denied the Motion to

16  Dismiss as to the remaining claims.[1] The Court's Order permitted Plaintiff to amend

17  his complaint by May 7, 2012 to address the deficiencies identified by the Court.

18  Plaintiff did so to the extent that he was able to do so based upon the facts and

19  information known to him at the time on May 7, 2012, (ECF No. 98), filing a Second

20  Amended Complaint that again set forth the sustained claims for breach of contract

21

22

23  [1]     Prior to the decision on the Motion to Dismiss, the parties had stipulated to the

24  dismissal of the RESPA claim, Count 1. As such, the RESPA claim was not
   addressed in the Court's April 12, 2012 ruling.

25

26                                                    2

27

(Counts I and II), a claim for Common Law Restitution/Unjust Enrichment/Disgorgement against Defendant Balboa based upon additional and clarifying allegations regarding the lack of any contractual relationship between Balboa and Plaintiff (Count III) and injunctive relief (Count IV). The SAC did not add any new parties or claims but rather, contained specific amendments consistent with the Court's Order of April 12, 2012 based upon the facts known to Plaintiff at the time.

On April 12, 2012, this Court also entered a Scheduling Order (ECF No. 90) which, *inter alia*, established a final hearing date for motions to add parties or claims. That date was subsequently moved by Order on stipulation entered June 19, 2012 (ECF No. 102) which provides that "Any Motion to Add Parties/Amend Pleadings shall be made on or before July 13, 2012," and that such motion will be heard on or before August 10, 2010. This Motion is filed pursuant to the deadlines in that Order and seeks leave to amend the Second Amended Complaint to add new Plaintiffs Joseph Aiello and Zahid and Bushra Fraz, to add additional defendants QBE Insurance Corporation ("QBE CORP."), QBE First Insurance Agency ("QBE FIRST") (together "QBE"), Newport Management Corporation ("Newport"), Meritplan Insurance Agency, Inc. ("Meritplan") and Banc of America Insurance Services, Inc. ("BAISI") to reassert a claim under the UCL (Count VII), and to assert new claims for relief under the Racketeer Influenced and Corrupt Organizations Act, 28 U.S.C. §§ 1962 (c) and (d) ("RICO") (Counts I and II) and the common law for Breach of Fiduciary Duty (Count V) and Aiding and Abetting a Breach of Fiduciary Duty (Count VI).

3

1    Plaintiff supports the addition of the new claims[2] to the PTAC with the facts he

2    has previously alleged regarding Defendants' conduct including entering into pre-

3    arranged agreements to acquire force-placed insurance from a single company without

4    seeking competitive bids on the open market, entering into pre-arranged agreements

5    that yield exorbitant force-placed insurance prices in order to maximize their own

6    profits to the detriment of borrowers, backdating the force-placed policies to charge

7    for retroactive coverage, purchasing unnecessary and duplicative coverage in order to

8    reap additional profits to the detriment of borrowers, and giving and receiving

9    "commissions" or "kickbacks" for the procurement of the force-placed policies.  In

10   addition, Plaintiff has supplemented the facts originally alleged with information

11   learned through further investigation and as a result of hearings held by the New York

12   Department of Financial Services (the NYDFS) on May 17, 18 and 21, 2012 in

13   connection with its investigation of force-placed insurance practices and hearings

14   recently held by the Florida Office of Insurance Regulation on July 3, 2012. *See*

15   PTAC at ¶¶ 4, 7, 10, 13, 16, 38, 79 82-85, 87, 91, 93-98, 106, 107, 110-25, 134, 135,

16   139, 143-46, 155, 162, 169.

17       More particularly, in connection with  the hearings, the NYDFS received

18   written and oral , 95,  not only experts in force-placed insurance practices but also

19   industry witnesses, including representatives of the original and proposed new

20   defendants herein. *See, e.g.*, *New York Department of Financial Services: Public*

21

22   _____

23   [2]    The identity of the page and line numbers and wording of any proposed changes

24   and addition of material are identified in the redlined version of the complaint
     attached to the  Declaration of Amanda R. Trask ("ART Dec.") as Exhibit 1.

25

26

27                                    4

No. 11-cv-00915-JST-AN
Pltf's. Notice of Motion & Motion
for Leave to File Third Amended
Complaint

1  *Hearing on Force-Placed Insurance* (May 21, 2012) (testimony of Birny Birnbaum on

2  behalf of the Center for Economic Justice) ("Birnbaum NYDFS Testimony"); *New*

3  *York Department of Financial Services on Force-Placed Insurance in New York* (May

4  17, 2012) (testimony of J. Robert Hunter, Director of Insurance) ("Hunter NYDFS

5  Testimony"); *Written Testimony of Nicholas Pastor and Matthew Freeman On behalf*

6  *Of QBE Insurance Corporation and QBE FIRST Insurance Agency, Inc.* (May 1,

7  2012); *Testimony of Tim Burdick on Behalf of BAISI,* (May 18, 2012) ; *Testimony of*

8  *Stephen Smith of BANA* (May 18, 2012); *Written Testimony of Jeffrey White and John*

9  *Meadows On Behalf of Balboa Insurance Company* ( May 1, 2012).[3]

10      As noted by New York Department of Financial Services Superintendent

11  Benjamin N. Lawsky, the Department's initial inquiry into the force-placed insurance

12  industry uncovered "serious concerns and red flags" including (1) exponentially

13  higher premiums for force-placed insurance than regular homeowners insurance; (2)

14  extraordinarily low loss ratios; (3) harm to distressed borrowers; (4) lack of

15  competition in the market; (5) that force-placed insurance has become a major profit

16  center for both banks and insurers; and (6) "tight relationships between banks, their

17  subsidiaries and insurers." As summarized by Superintendent Lawsky the net results

18  of these practices:

---

21  [3]    Transcripts of the testimony submitted to the New York Department of
22  Financial Services are available at
    http://www.dfs.ny.gov/insurance/hearing/fp_052012_testimony.htm.  Webcasts of
23  the hearings are available at http://www.totalwebcasting.com/view/?id=nysdfs. In
    addition, testimony from representatives of Defendants is attached to the TPAC as
24  Exhibits 7, 12 to 17.

5

> [t]ake[] the form of large commissions being paid by insurers to the banks for what appears to be very little. In other cases, banks have set up reinsurance subsidiaries who take over the risk from the insurance companies. Thus, the banks pay high premiums for coverage that is highly profitable and then those profits revert right back to the banks through reinsurance agreements.
>
> *     *     *
>
> In sum, when you combine [the] close and intricate web of relationships between banks and insurance companies on the one hand, with high premiums, low loss ratios and lack of competition on the other hand, it raises serious issues and questions . . . .

*Force Placed Insurance Hearings: New York Department of Financial Services* (May 17, 2012) (Opening Remarks of Benjamin M. Lawsky, Superintendant of Financial Services), PTAC, Exhibit 9.

During the recent hearings, the nature of the various payments, kickbacks and unfair practices were covered in depth. For example, J. Robert Hunter of the Consumer Federation described these practices:

> In some instances, lenders use [force-placed] insurance as a profit center by collecting commissions from insurers through lender-affiliated agents or brokers or by receiving below-cost or free services (such as tracking of loans) from insurers, and/or using "fronting" primary insurers to direct the coverage to lender-affiliated captive reinsurers. Lenders often receive free or below cost service from affiliated service providers.

*See* Hunter NYDFS Testimony. PTAC, Exhibit 17.

Birny Birnbaum of the Center for Economic Justice, another experienced and noted expert in the area of force-placed insurance, elaborated that:

6

> Servicers have financial incentives to force-place the insurance because the premiums include commissions and other considerations for the servicer. With some servicers, the insurance is reinsured through captive reinsurer of the servicer, resulting in additional revenue to the servicer from the force-placement coverage.

*See* Birnbaum NYDFS Testimony PTAC, Exhibit 16.   As alleged in the PTAC, these practices are taken to the detriment of the plaintiffs, in violation of mortgage agreements and applicable law and constitute a pattern of exploitative profiteering and self-dealing that violates state and federal law.  PTAC at ¶ 155-69.  As is set forth in the PTAC, the existing Defendants and those sought to be named therein are engaged in the improper practices detailed through the NYDFS investigation and hearings.

## THE STANDARD ON A MOTION FOR LEAVE TO AMEND

This timely motion for leave to amend, filed in accordance with deadlines established in this Court's scheduling order, see ECF No. 102, is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that the court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Causey v. Portfolio Acquisitions, LLC,* No. 10-2781, 2012 U.S. Dist. LEXIS 802, at * 6-7 (E.D. Cal. Jan. 4, 2012) (noting that "[b]ecause plaintiffs filed their motion to amend on [the date established by the scheduling order for filing such motions] the court will look to Federal Rule of Civil Procedure 15 for the standards governing plaintiffs' motion to amend."); *See also Primerica Life Ins. Co. v. Rodriguez*, No. 11-7041, 2012 U.S. Dist. LEXIS 35462 at *3-5 and *10 (C.D. Cal. Mar. 14, 2012) (first applying good cause standard under Fed. R. Civ. P. 16 where motion to amend was not timely under the scheduling order and noting 15(a)(2) applied to the proposed amendment).

It has been repeatedly affirmed that Rule 15(a)(2)'s "policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048,

7

1  1051-52 (9th Cir. 2003) (*quoting Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d

2  708, 712 (9th Cir.2001)). *See also Rieve v. Coventry Health Care, Inc.,* No. 11-1032,

3  2012 U.S. Dist. LEXIS 36814 at *2 (C.D. Cal. Mar. 19, 2012). "In determining

4  whether leave to amend is warranted, courts consider five factors: (1) undue delay; (2)

5  bad faith; (3) prejudice to the opposing party; (4) futility of the amendment; and (5)

6  whether previously allowed amendments have failed to cure deficiencies." *Rodriguez*

7  *v. Barrita, Inc.,* No. 09-4057, 2012 U.S. Dist. LEXIS 91749, at *26-27 (N.D. Cal. Feb.

8  29, 2012) (*citing Eminence Capital,* 316 F.3d at 1052 and *Foman v. Davis,* 371 U.S.

9  178, 182 (1962)). Of these considerations, "[ t]he single most important factor is

10  whether prejudice will result to the nonmovant.' " *Rieve,* 2012 U.S. Dist. LEXIS

11  36814 at *3 (*quoting Genentech, Inc. v. Abbot Labs.,* 127 F.R.D. 529, 530

12  (N.D.Cal.1989) (additional authorities omitted). Consistent with Rule 15(a)(2)'s

13  liberal policy in favor of amendment, the nonmoving party bears the burden of

14  demonstrating why leave to amend should not be granted.

15  *Genentech,*127 F.R.D. at 530-531; *Tyco Thermal Controls LLC v. Redwood Indus.,*

16  No. 06-7164, 2009 U.S. Dist. LEXIS 115933 at *7 (N.D. Cal. Dec. 14, 2009).

17  ## ARGUMENT

18  It is clear from a consideration of each the relevant factors under Rule 15(a)(2)

19  that Plaintiff's Motion for Leave to Amend should be granted and that he should be

20  permitted to file the proposed Third Amended Complaint adding new parties and

21  claims at this time. Those factors are discussed below.

22  **A.  The Proposed Amendment Will Not Result in Undue Delay**

23  This motion is filed timely in accordance with the schedule established in the

24  June 19, 2012 Order (ECF No. 2012). , further, as the substance of the PTAC is well

25  within the boundary of the operative facts alleged in the prior complaints, an

26

27

8

amendment such as the one proposed was clearly contemplated by both the parties and this Court. As such, the addition of parties and claims at this early juncture of this case, in which discovery began just two months ago, cannot be viewed as unreasonable nor a cause of undue delay.[4]

**B.    The Proposed Amendment is Not Sought in Bad Faith**

Plaintiff seeks to amend his SAC in good faith to advance the prosecution of the claims for relief he has asserted on behalf of himself and those similarly situated by adding additional culpable parties and additional claims based upon facts and information he has learned through his continuing investigation, including facts disclosed through governmental investigations and developments in the law.    In addition, Plaintiff seeks to add new named plaintiffs Aiello and the Frazes, all of whom are California residents. *See* PTAC ¶¶ 6, 41-55, 43-78. The addition of the new proposed Plaintiffs will support the proposed reassertion of the UCL claims, PTAC ¶¶ 230-237, which are also now supported by additional facts garnered through continuing investigation of Defendants' California contacts and conduct in California, see PTAC at ¶¶ 13, 15-6, 36, 51, 77, 79, 83, 85, 93-97, 105, 139-46, 162, 169, 230-

---

[4]    Discovery currently underway commenced promptly following entry of the Court's scheduling Order (ECF No. 90), is ongoing and vigorous. ART Dec. at 4; ECF No. 101.  Moreover, Plaintiff has already sought information in that discovery about the proposed new defendants Newport and Meritplan from the BOA defendants with which they are associated and has also sought information about the proposed QBE defendants, upon whom Plaintiff is also in the process of serving subpoenas. ART Dec. at 10.  The addition of the three new proposed Plaintiffs should not have any significant impact on discovery or scheduling as Plaintiff believes it can be completed in advance of any of Defendants' current briefing deadlines.  Thus, even if some scheduling adjustments were required to protect the interests of added parties, such delay could not be fairly characterized as "undue".

9

1   237, thereby addressing deficiencies that led the Court to dismiss the previously
2   asserted UCL claims.

3   More specifically, with regard to both the force-placed operations and practices
4   of the current Defendants and the entities involved therein, Plaintiff has closely
5   monitored the sworn testimony provided by representatives of BANA, proposed new
6   defendant BAISI, Balboa and QBE provided to the New York Department of
7   Financial Services on May 18, 2012. Plaintiff likewise has reviewed the testimony of
8   industry experts presented at those hearings. *See* PTAC, Exhibits 7, 12-17. Based
9   upon what Plaintiff has learned from those hearings, as well as his counsel's ongoing
10  investigation, Plaintiff now wishes to assert new claims based upon the force-placed
11  insurance practices and scheme he had alleged in the SAC. In particular, he now
12  seeks to assert his claims against the other participants in the force-placed insurance
13  scheme: the proposed new defendants QBE, Newport, Meritplan and BAISI. *See*
14  PTAC at 1, 8, 13, 15, 16, 82-105, 107, 116, 124-126, 133, 135, 151-69, Counts One,
15  Two, Six, Seven and Eight.

16  In addition, Plaintiff seeks to assert additional claims for relief that arise out of
17  the conduct as now more fully understood, including claims based upon a conspiracy
18  under RICO, PTAC 166-69, breach of fiduciary duty against the BOA defendants in
19  connection with the management and handling of escrow funds and money held in
20  trust by BOA as the loan servicer, PTAC 12, 13-15, 80, 142, 155, 162, 165, 216-22,
21  228-9, and an aiding and abetting claim against the new defendants and Balboa for
22  their active role in directing and implementing conduct to facilitate the breach of
23  fiduciary duty. PTAC 15, 16, 17, 23-29, 62.

24  The new counts Plaintiff seeks to add are well supported by the information and
25  allegations of the PTAC. Plaintiff seeks to add them, and the proposed new parties, to

26
27

10

1   strengthen his claim to relief and provide the best opportunity for achieving a remedy

2   for the wrongs inflicted by the conduct alleged.

3   **C.     No Prejudice Will Result from the Proposed Amendment**

4          In considering whether to grant leave to amend under Rule 15(a)(2),

5   "[a]ccording to the Ninth Circuit, 'the crucial factor is the resulting prejudice to the

6   opposing party,' and the burden of showing that prejudice is on the party opposing

7   amendment." *Causey*, 2012 U.S. Dist. LEXIS 802 at *8 (*quoting and citing Howey v.*

8   *United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC*, 316 F.3d

9   at 1052; *DCD Programs*, 833 F.2d at 187). *See also Rieve,* 2012 U.S. Dist. LEXIS

10   36814 at *5.   Here there can be no showing of prejudice as discovery has only

11   recently commenced, is ongoing and may continue under the present schedule until

12   November 19, 2012. (ECF No. 90).   While depositions of current Defendants'

13   representatives have been scheduled, the current Plaintiff has not been deposed

14   (obviously, the proposed plaintiffs have not been deposed).     ART Dec. at 9.

15   Moreover, the proposed amendments address and arise out of conduct that is also the

16   subject and basis of the SAC and so was known by Defendants to be at issue.   In

17   these circumstances, it is apparent that no prejudice will result from the proposed

18   amendment.

19   **D.     The Proposed Amendment is Not Futile**

20          "In urging denial of leave to amend on the basis of futility, Defendants bear a

21   particularly heavy burden." *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.,* No.

22   06-3359, 2009 U.S. Dist. LEXIS 24089, at *5-6 (N.D. Cal. Mar. 10, 2009).

23   "[A] proposed amendment is futile only if no set of facts can be proved under the

24   amendment to the pleadings that would constitute a valid and sufficient claim or

25   defense." *Raifman v. Wachovia Sec., LLC*, No. 11-2885, 2012 U.S. Dist. LEXIS

26

27                                          11

64596 at *6 (N.D. Cal. May 7, 2012) (*quoting Miller v. Rykoff-Sexton, Inc.,* 845 F.2d
209, 214 (9th Cir.1988)). *See also Dong Ah Tire & Rubber Co.,* 2009 U.S. Dist.
LEXIS 24089 at *5-6.   Moreover, "[t]he showing of futility must be 'strong' to
warrant a departure from the liberal application of Rule 15(a)." *Id.*

   Here, the PTAC is not being submitted in an effort to breathe life into deceased
claims.   The PTAC builds upon the claims already sustained by this Court and is
based upon additional evidence and facts now known and available to Plaintiff.   The
PTAC sets forth in great detail the factual underpinnings for the proposed new claims
and parties, establishing the plausibility of the claims and the grounds upon which
relief may be granted.   Clearly, the PTAC is not "immediately subject to dismissal"
and cannot be characterized as "futile." *Raifman,* 2012 U.S. Dist. LEXIS 64596 at *6.
Further, there is a heavy burden that must be met to establish futility.   "[T]he proper
test to be applied when determining the legal sufficiency of a proposed amendment is
identical to the one used when considering the sufficiency of a pleading challenged
under Rule 12(b)(6)." *Raifman,* 2012 U.S. Dist. LEXIS 64596 at *6-7; *Dong Ah Tire
& Rubber Co, Ltd.,* 2009 U.S. Dist. LEXIS 24089, at *5-6.   In situations where, as
here, proposed amendments are not deficient on their face, courts appear to favor the
motion to dismiss context for fully exploring the adequacy of pleadings. *See e.g.
Banga v. Allstate Ins. Co.,* No. 08-1518, 2011 U.S. Dist. LEXIS 125562 at *5 (E.D.
Cal. Oct. 31, 2011) (Noting in permitting an amendment over objection that " the
court cannot say at this time that amendment would be futile, and to the extent that it
might, defendant will have the opportunity to address that concern in a subsequent
dispositive motion."); *Causey,* LLC, 2012 U.S. Dist. LEXIS 802 at *8 (noting, in
permitting amendment, that " the court cannot say at this time that amendment would

12

1  be futile, and any arguments defendants have made about futility can presumably be

2  made in a motion to dismiss plaintiffs' second amended complaint.").

3       In short, the PTAC asserts valid claims on behalf of proposed new plaintiffs

4  who are California residents and were force-placed by Defendants.  PTAC ¶¶ 43-73.

5  and the proposed Defendants  are alleged to have been involved in the force-placed

6  insurance scheme and conspiracy alleged. *See* e.g. PTAC at *passim*. Further, the new

7  claims asserted under the federal RICO statute, California consumer protection laws

8  and the common law regarding breach of fiduciary duties and aiding abetting are well

9  pled and all based upon allegations which have been in existence throughout the

10  complaints filed in this case and are the result of continued and diligent investigation

11  of the force-placed insurance practices of Defendants.    In these circumstances, the

12  PTAC cannot be characterized as "futile" and leave to permit its filing should be

13  granted.

14  **E.**    **The PTAC Properly Addresses Deficiencies Identified By the Court**

15         **That Plaintiffs Were Not in the Position to Cure in the Second Amended**
       **Complaint**

16

17       Despite the fact a majority of the claims previously asserted by Plaintiff have

18  survived the motion to dismiss test before this court, Plaintiff and his counsel have

19  continued to engage in due diligence and investigation of the improper force-placed

20  insurance practices at issue.  The result is substantial additional information, claims

21  and parties proposed in the PTAC.  As noted above in Section A, proposed new

22  Plaintiffs Aiello and the Frazes, are California residents.  Moreover, the PTAC seeks

23  to add new defendants Newport, Meritplan and BAISI and contains facts regarding the

24  California ties of these entities, PTAC ¶¶ 13, 15-6, 36, 51, 77, 79, 83, 85, 93-97, 105,

25  139-46, 162, 169, 230-237,  their relationships with the BOA defendants, PTAC

26  *passim,* the  identify  the  specific California locations where  certain defendants,

27

13

including those most critical to the supervision and operations of the scheme, maintained their principal places of business, PTAC ¶¶ 80, 81-83, 85, 232, and the participation in the force-placed insurance scheme and conspiracy alleged that occurred in California, PTAC ¶¶_13, 15-6, 36, 51, 77, 79, 80, 81- 83, 85, 93-97, 105, 139-46, 162, 169, 230-237 . Thus, the allegations of the PTAC identify specific conduct and actions that were directed by Defendants from California, provide a factual basis for the assertion that California was the nerve center where the force-placed insurance scheme was devised and from which it was implemented and emanated. With the addition of the newly discovered facts and proposed new plaintiffs, the PTAC addresses deficiencies identified by the Court with regard to the UCL claim as alleged in Plaintiff's FAC and dismissed by the Court.

Further, as is clear from the PTAC, much of the specific information supporting the UCL claim was provided by way of testimony in the recent hearing before the NYDFS. Other information was discovered through investigation following the disclosures in the testimony before the New York Department of Financial Services hearings and as a result of the information provided by the proposed new plaintiffs and others. ART Dec. at 11  In these circumstances, the proposed amendment must be found to properly and responsibly address deficiencies in the prior pleading that were identified by the Court and so should be permitted.

14

1

## CONCLUSION

2   For the foregoing reasons, Plaintiff respectfully requests the Court enter an

3   order granting leave to file the Third Amended Complaint to add parties and claims

4   as set forth in the Proposed Amended Complaint attached hereto and that the Clerk be

5   directed to file same on the Docket upon entry of the Order on this Motion.

6   Dated: July 13, 2012                    Respectfully submitted,

7
8                                           KESSLER TOPAZ
                                            MELTZER & CHECK, LLP
9
                                            /s/ Edward W. Ciolko
10                                          Edward W. Ciolko (Pro Hac Vice)
                                            Terence S. Ziegler (Pro Hac Vice)
11                                          Donna Siegel Moffa (Pro Hac Vice)
12                                          Amanda R. Trask (Pro Hac Vice)
                                            280 King of Prussia Road
13                                          Radnor, PA  19087
14                                          Telephone: (610) 667-7706
                                            Facsimile: (610) 667-7056
15
16                                          NIX PATTERSON & ROACH, LLP
                                            Jeffery J. Angelovich (Pro Hac Vice)
17                                          Michael B. Angelovich (Pro Hac Vice)
18                                          Brad E. Seidel (Pro Hac Vice)
                                            Christopher R. Johnson (Pro Hac Vice)
19                                          3600 North Capital of Texas Hwy
20                                          Building B, Suite 350
                                            Austin, TX  78746
21                                          Telephone: (512) 328-5333
22                                          Facsimile: (512) 328-5335
23
                                            ROSMAN & GERMAIN LLP
24                                          Daniel L. Germain (Bar No. 143334)
25                                          16311 Ventura Boulevard, Suite 1200
                                            Encino, CA  91436
26
                                                   15
27

Telephone: (818) 788-0877
Facsimile: (818) 788-0885

NICHOLS KASTER, PLLP
E. Michelle Drake (Pro Hac Vice Pending)
Rebekah L. Bailey (SBN 258551)
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

SHAPIRO HABER & URMY, LLP
Edward F. Haber (Pro Hac Vice Pending)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

Attorneys for Plaintiff and the Proposed
Class

16

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on July 13, 2012, I electronically filed the foregoing with

3  the Clerk of the Court using the CM/ECF system which will send notification of such

4  filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

5        I certify under penalty of perjury under the laws of the United States of America

6  that the foregoing is true and correct.  Executed on July 13, 2012.

7                                              /s/ Edward W. Ciolko
                                               Edward W. Ciolko
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27