UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)　　　　　　　　　　　　Date:  December 21, 2012
Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

　Nancy Boehme　　　　　　　　　　　　　　　　　　N/A
　　Deputy Clerk　　　　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:

　Not Present　　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:　(IN CHAMBERS)  ORDER GRANTING IN PART
　　　　　　　　　　DEFENDANTS' MOTION TO DISMISS (Doc. 182)**

　　　Before the Court is a Motion to Dismiss ("Motion") filed by Defendants QBE Insurance Corp. and QBE FIRST Insurance Agency, Inc. (collectively, "QBE Defendants" or "Defendants").  (Mot., Doc. 182.)  On November 21, 2012, Plaintiffs Jason Aiello, Bushra Fraz, Zahid Fraz, and Christopher Gustafson ("Plaintiffs") opposed the Motion, (Opp'n, Doc. 191), and Defendants replied on November 30, 2012.  (Reply, Doc. 196.)  The Court took this matter under submission on December 14, 2012, after a hearing on the Motion.  Having considered the papers submitted by the parties and counsels' arguments at the hearing, the Court GRANTS Defendants' Motion.

　　　**I.　　Background**

　　　Plaintiff Gustafson filed the initial class action complaint in this matter on June 17, 2011, (Doc. 1), followed by a first amended complaint on November 16, 2011, ("FAC", Doc. 53 ), challenging various aspects of Bank of America's policy requiring borrowers to pay for force-placed hazard insurance on secured properties.  On December 12, 2011, Defendants moved to dismiss the FAC, (Doc. 55), and in an order dated April 12, 2012, this Court granted Defendants' motion in part and denied it in part.  (Order, Doc. 89.)  Gustafson was afforded leave to file a second amended complaint, which he filed on May 7, 2012.  (Doc. 98.)  Gustafson then sought and was granted leave to add three additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                         Date:  December 21, 2012
Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

named plaintiffs, Plaintiffs Aiello and the Frazes, and five additional defendants. (Doc. 140.)

On October 28, 2012, Plaintiffs filed a Third Amended Complaint ("TAC") against BANA, BAC, Balboa Insurance Co. ("Balboa"), Banc of America Insurance Services Inc., Newport Management Corp., Meritplan Insurance Co. ("Meritplan"), QBE Insurance Corp., and QBE First Insurance Agency, Inc. This TAC is the operative complaint in this action and the subject of Defendants' Motion. (TAC, Doc. 146.) The TAC asserts five claims against the QBE Defendants: (1) violation of the Racketeer Influenced and Corrupt Organization Act, 28 U.S.C. § 1962(c) ("RICO"); (2) violation of RICO section 1962(d); (3(3) aiding and abetting a breach of fiduciary duty; (4) violation of California's Unfair Competition Law, Business and Professional Code § 17200, *et seq*. (the "UCL"); and (5) Common law restitution/unjust enrichment /disgorgement. (*Id.* ¶¶ 59-73.)

When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint. *Hemi Grp., LLC v. City of New York*, ---U.S.----, 130 S. Ct. 983, 986-87 (2010). On July 10, 2002, Gustafson entered into a contract with American Bank & Trust Company to obtain a first-lien mortgage loan (the "Mortgage Agreement") to purchase a property located at 519 14th Avenue, Silvis, Illinois (the "Property"). (TAC ¶ 3.) The Mortgage Agreement required Gustafson, as the borrower, to "keep the improvements now existing or hereafter erected on the Property insured against loss" and mandated that the "insurance shall be maintained in the amounts . . . and for the periods that Lender requires." (TAC Ex. 3 "Insurance Provision" ¶ 5, Doc. 146-1.) The provision further provided that, if Gustafson failed to maintain hazard insurance on the Property, the lender:

> may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-915-JST (ANx)                  Date: December 21, 2012
Title: Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

___

> insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained.

(*Id*.)

In accordance with the Insurance Provision, Gustafson purchased a homeowner's insurance policy from State Farm, policy number 73TK43223 (the "State Farm Policy"), containing a standard mortgage clause that continued coverage for the lender in the event Gustafson failed to pay his insurance premiums. (TAC ¶¶ 33-34.) The State Farm Policy premium of $614.00 for the period from July 10, 2010, through July 10, 2011, was paid through Gustafson's escrow account. (*Id*. ¶ 33.)

In July 2010, Gustafson received notice that his loan was being serviced by BAC, a subsidiary of Bank of America Corp. (*Id*. ¶ 35.) Thereafter, on January 3, 2011, despite the existence of the State Farm Policy, Gustafson received notice from Bank of America's office in Fort Worth, Texas, advising him that it would force-place hazard insurance on the Property, backdated to December 6, 2010, if Gustafson did not provide proof of insurance by February 7, 2011. (*Id*. ¶ 37; Ex. 37 "First Notice", Doc. 146-9.) The notice further provided that Gustafson would be charged for the insurance at an approximate cost of $1,045.00, that the force-placed insurance would provide less coverage than his previous policy, and that the force-placed insurance may be purchased from a Bank of America affiliate from which Bank of America would receive a commission in connection with obtaining the coverage. (First Notice.)

On February 10, 2011, Gustafson received a second notice from Bank of America's Texas office advising him that force-placed insurance had been purchased from Balboa and placed on the Property, backdated to December 6, 2010. (TAC ¶ 38; Ex. 38 "Second Notice", Doc. 146-9.) The notice further explained that Gustafson could obtain his own preferred hazard insurance policy and cancel the force-placed insurance for a full refund, and attached a copy of the force-placed policy. (Second Notice) The policy named BAC's Texas office as the insured, protected only BAC's interest in the Property, and charged a total premium of $1,045.00. (TAC at ¶ 39; Ex. 40, Doc. 146-10.) It also provided an amount of coverage that exceeded the outstanding principal balance on Gustafson's loan. (TAC ¶ 40.) The premium for the force-placed policy was charged to Gustafson's escrow account on or about February 8, 2011. (*Id*. ¶ 39.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-915-JST (ANx)                              Date: December 21, 2012
Title: Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

At the time of the force-placement, Balboa was the subsidiary and/or affiliate of Bank of America Corp. (*See id*. ¶ 81.) Gustafson alleges that the Bank of America Defendants were parties to an agreement with Balboa pursuant to which they referred borrowers exclusively to Balboa for force-placed insurance in exchange for a commission on each insurance policy. (*Id*.)

Plaintiff Aiello is a resident of California who entered into a mortgage agreement in 2006 with Countrywide Home Loans, Inc, a company that was eventually renamed BAC. (*Id*. ¶¶ 65-80.) BAC later merged into BANA. (*Id.* ¶ 80.) His loan was secured by a deed of trust. (*Id*. ¶¶ 66-67.) As with Gustafson's deed of trust, Aiello's deed also contained a provision requiring him to maintain hazard insurance and allowing the lender to purchase this hazard insurance at Aiello's expense should he fail to do so. (*See id*. ¶ 67.) Aiello does not allege that he ever purchased hazard insurance, and on February 27, 2007, Countrywide notified him that a payment for lender-placed insurance would be paid to Balboa out of Aiello's escrow account. (*See id*. ¶ 69.) The force-placed coverage was then purchased by Countrywide, and it became effective from December 15, 2006, to December 15, 2007. (*Id*.) Aiello's hazard insurance continued to be force-placed by Countrywide, and later Bank of America from 2008-2012. (*Id*. ¶¶ 73-78.)

Similarly, the Frazes were also force-placed into hazard insurance by the Bank of America Defendants. (*See id*. ¶ 58.) The Frazes owned two properties in San Bruno, California: 977 Masson Avenue, San Bruno, California 94066 (the "977 Property") and 875 Masson Avenue, San Bruno, California 94066 (the "875 Property"). (*Id.* ¶ 44.) The Frazes obtained a series of mortgages with Bank of America on their 977 Property, beginning on or about July 10, 2000. (*Id*. ¶ 45.) After receiving a loan modification in 2009, the Frazes opened an escrow account for the 977 Property serviced by Bank of America. (*Id*. ¶¶ 48-49.) They also executed two deeds of trust for the 875 Property with BANA as the lender. (*Id*. ¶ 55.) Like the other Plaintiffs, the Frazes were required to maintain hazard insurance on their properties. (*See id*. ¶ 56.) The Frazes maintained this insurance with Farmer's Insurance Company throughout the duration of their mortgages. (*Id*. ¶ 57.) On May 23, 2010, the Frazes were notified by Bank of America that it had force-placed hazard insurance with Meritplan, on their 875 Property and that it would be reissued for another year, effective May 19. 2010. (*Id*. ¶¶ 59-61.) And on June 10, 2010,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                Date:  December 21, 2012
Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

the Frazes received a similar notice from BAC regarding the 977 Property, informing them that they had not provided verification of hazard insurance and that BAC would force-place hazard insurance if they did not submit this verification.  (*Id.* ¶ 51.)  The notice provided the force-placed hazard insurance "may be purchased from an affiliate of Bank of America, N.A." and that "Bank of America, N.A. may receive a commission or other compensation in connection with obtaining this coverage."  (*Id.*)

The QBE Defendants became involved on June 1, 2011, when Bank of America sold its subsidiary Balboa to QBE Insurance Group.  (TAC ¶ 92.)  QBE Insurance Corporation received premiums on force-placed insurance, while QBE First Insurance Agency assumed the management of Balboa's insurance operations.  (*Id.* ¶ 87.)  The QBE Defendants argue in their Motion to Dismiss that Plaintiffs lack standing to bring claims against them.  (Mot. at 7-9.)  They argue Plaintiffs failed to allege in their Complaint that the QBE Defendants were involved in the named Plaintiffs' force-placed insurance and failed to plead facts showing successor liability.  (*Id.* at 9-12.)

### II.     Legal Standard

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (1994).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  "A pleading is sufficient under [R]ule 9(b) if it identifies the circumstances constituting fraud

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-915-JST (ANx)            Date: December 21, 2012

Title: Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

     In considering the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *cert. denied*, 512 U.S. 1219 (1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").

### III.    Discussion

     The QBE Defendants move to dismiss Plaintiffs' claims for lack of standing as well as on their merits. Because the Court agrees with Defendants' standing argument, the Court need not address Defendants' arguments about the merits of Plaintiffs' claims.

     Article III, § 2 of the United States Constitution restricts federal "judicial power" to the resolution of "cases" and "controversies." U.S. Const. art. III, § 2. "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008)*; see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985) ("Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court."). "[A] party asserting state law claims in federal court 'must meet the stricter federal standing requirements of Article III.'" *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 n.4 (9th Cir. 2009) (quoting *Cantrell v. City of Long Beach*, 241 F.3d 674, 683 (9th Cir. 2001)).

     To demonstrate Article III standing, a plaintiff must establish (1) injury in fact, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                              Date:  December 21, 2012

Title: Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

(1992).  The injury in fact must be concrete and particularized and actual or imminent; not conjectural or hypothetical.  *Id.*  Prudential limitations, however, "restrict the grounds a plaintiff may put forward in seeking to vindicate his personal stake."  *Fleck & Assocs. v. Phoenix*, 471 F.3d 1100, 1104 (9th Cir. 2006) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).  Specifically, "a litigant must normally assert his own legal interests rather than those of third parties."  *Id.* (quoting *Phillips*, 472 U.S. at 804).  Moreover, the fact that Plaintiffs have styled this as a class action complaint does not help their case.  A named plaintiff in a class action must still "allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants."  *Warth*, 422 U.S. at 501; *see Lujan*, 504 U.S. at 560 n.1 ("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way.").

      Here, Plaintiffs have failed to allege facts showing the QBE Defendants caused their injury.  The TAC makes no allegations involving the QBE Defendants prior to the June 1, 2012, sale of Balboa to QBE Insurance Group.  And none of the Plaintiffs' allegations regarding their injuries state that the QBE Defendants were involved in force-placing their insurance.  Particularly, the last force-placed premium that Plaintiff Gustafson refers to being charged was assessed on February 8, 2011, well before the June 1, 2011, sale date.  (*See* TAC ¶ 39.)  Likewise, the last reference of a force-placed premium charge for Plaintiffs Frazes's 977 Property appears to have occurred sometime in June of 2010 for a coverage period of April 27, 2010, through April 27, 2011.  (*Id.* ¶¶ 52-53.)  And the last referenced force-placed premium on the Plaintiffs Frazes's 875 Property occurred sometime in mid-May of 2010.  (*Id.* ¶ 59.)  Finally, while Plaintiff Aiello paid a force-placed premium around December 15, 2011, to cover his property through December 15, 2012, he alleges that this force-placed policy was issued by Meritplan Insurance Company.  (*Id.* ¶ 77.)  Thus, even if we were to assume without deciding that Plaintiffs' injuries are the force-placed premiums they paid,[1] Plaintiffs have not alleged any facts showing that the QBE Defendants were involved in the force-placed

---

[1] Defendants also argue Plaintiffs have not alleged a cognizable injury because the force-placed insurance rates are filed rates with the State of California and the State of Illinois, and therefore cannot be challenged under the filed rates doctrine.  (Mot. at 19.)  They also argue that Plaintiffs have not sufficiently alleged duplicative or unnecessary coverage.  (*Id.* at 19-20.)  Because the Court finds causation is lacking, it does not address Defendants' arguments about injury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-915-JST (ANx)                      Date: December 21, 2012

Title: Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

premiums they in particular were charged. Plaintiffs have therefore failed to sufficiently plead any direct injury caused by the QBE Defendants themselves.

      Plaintiffs also seek to hold the QBE Defendants liable on a theory of successor liability as successors in interest to Balboa. (*See* TAC at 1; Opp'n at 5.) A court may dismiss successor liability claims where plaintiffs have failed to allege sufficient facts to state a claim for relief. *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1192-93 (C.D. Cal. 2011) (dismissing successor liability claim because plaintiffs had failed to allege sufficient facts); *See Brockway v. JP Morgan Chase Bank*, No. 11cv2982 JM (BGS), 2012 WL 4894253, at *3 (S.D. Cal. Oct. 15, 2012) (granting defendants' motion to dismiss plaintiffs' claims for successor liability); *Wilson v. Metals, USA, Inc.*, No. CIV. S-12-0568 LKK/GGH, 2012 WL 4888477, at *10 (E.D. Cal. Oct. 12, 2012) ("[P]laintiffs must still meet the pleading standards set forth in the Federal Rules of Civil Procedure.").

      Defendants argue Plaintiffs fail to allege successor liability because they allege QBE Insurance Group, which Defendants contend is a different entity, purchased Balboa. (Mot. at 9.) Indeed, Plaintiffs never allege the QBE Defendants and QBE Insurance Group are one and the same, and they make no allegations that the QBE Defendants were involved in the Balboa purchase. Only in their Opposition do Plaintiffs argue that the QBE Defendants and QBE Insurance Group are the same entity. Plaintiffs' Complaint is silent on this fact, and the Court must look to the face of their Complaint in ruling on Defendants' motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Moreover, despite Plaintiffs' contention that they do not differentiate between QBE Insurance Group and the QBE Defendants in their Complaint, (*see* Opp'n at 6), Plaintiffs consistently refer to the entity that purchased Balboa as QBE Insurance Group or QBE while referring to QBE Insurance Corporation as QBE Insurance Corporation or QBE Corp. and QBE First Insurance Agency as QBE FIRST. Thus, Plaintiffs have failed to sufficiently plead facts supporting a claim for successor liability because they have wholly failed to allege that the QBE Defendants are the entities that purchased Balboa.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-915-JST (ANx)            Date:  December 21, 2012

Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

### IV. Conclusion

For the reasons stated above, the Court GRANTS the QBE Defendants' Motion to Dismiss without prejudice.  Any amended complaint must be filed by **January 11, 2013**.  Failure to do so will result in dismissal of this case with prejudice.

                               Initials of Preparer:  nkb