UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-915-JST (ANx)                                    Date:  December 26, 2012
Title: Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Nancy Boehme | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                          Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. 181)**

 Before the Court is a Motion to Dismiss ("Motion") filed by Defendants Newport Management Corp. and Meritplan Insurance Co. (collectively "Defendants").  (Mot., Doc. 181.)  On November 21, 2012, Plaintiffs Jason Aiello, Bushra Fraz, Zahid Fraz, and Christopher Gustafson ("Plaintiffs") opposed the Motion, (Opp'n, Doc. 189), and Defendants replied on November 30, 2012.  (Reply, Doc. 194.)  The Court took this matter under submission on December 14, 2012, after a hearing on the Motion.  Having considered the papers submitted by the parties and counsels' arguments at the hearing, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

 **I. Background**

 Plaintiff Gustafson filed the initial class action complaint in this matter on June 17, 2011, (Doc. 1), followed by a first amended complaint on November 16, 2011, ("FAC", Doc. 53 ), challenging various aspects of Bank of America's policy requiring borrowers to pay for force-placed hazard insurance on secured properties.  On December 12, 2011, Defendants moved to dismiss the FAC, (Doc. 55), and in an order dated April 12, 2012, this Court granted Defendants' motion in part and denied it in part.  (Order, Doc. 89.)  Gustafson was afforded leave to file a second amended complaint, which he filed on May 7, 2012.  (Doc. 98.)  Gustafson then sought and was granted leave to add three additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                                    Date:  December 26, 2012

Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

named plaintiffs, Plaintiffs Aiello and the Frazes, and five additional defendants.  (Doc. 140.)

On August 28, 2012, Plaintiffs filed a Third Amended Complaint ("TAC") against Bank of America, N.A. ("BANA"), BAC Home Loans Servicing, LP ("BAC"), Balboa, BAISI, Newport Management Corp., Meritplan Insurance Co. ("Meritplan"), QBE Insurance Corp., and QBE FIRST Insurance Agency, Inc.  ( TAC, Doc. 146.)  The TAC is the operative complaint in this action and the subject of Defendants' Motion.  (Doc. 146.)  The TAC asserts five claims against Defendants BAISI and Balboa:  (1) violation of the Racketeer Influenced and Corrupt Organization Act, 28 U.S.C. § 1962(c) ("RICO"); (2) violation of RICO section 1962(d); (3) aiding and abetting a breach of fiduciary duty; (4) violation of California's Unfair Competition Law, Business and Professional Code § 17200, *et seq*. (the "UCL"); and (5) Common law restitution/unjust enrichment/disgorgement.  (*Id*. at 59-73.)

When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint.  *Hemi Grp., LLC v. City of New York*, ---U.S.----, 130 S. Ct. 983, 986-87 (2010).  On July 10, 2002, Gustafson entered into a contract with American Bank & Trust Company to obtain a first-lien mortgage loan (the "Mortgage Agreement") to purchase a property located at 519 14th Avenue, Silvis, Illinois (the "Property").  (TAC ¶ 3.)  The Mortgage Agreement required Gustafson, as the borrower, to "keep the improvements now existing or hereafter erected on the Property insured against loss" and mandated that the "insurance shall be maintained in the amounts . . . and for the periods that Lender requires."  (TAC Ex. 3 "Insurance Provision" ¶ 5, Doc. 146-1.)  The provision further provided that, if Gustafson failed to maintain hazard insurance on the Property, the lender:

> may obtain insurance coverage, at Lender's option and Borrower's expense.  Lender is under no obligation to purchase any particular type or amount of coverage.  Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect.  Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained.

**CIVIL MINUTES – GENERAL**                                                                                       2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                                Date:  December 26, 2012
Title: Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

(*Id.*)

In accordance with the Insurance Provision, Gustafson purchased a homeowner's insurance policy from State Farm, policy number 73TK43223 (the "State Farm Policy"), containing a standard mortgage clause that continued coverage for the lender in the event Gustafson failed to pay his insurance premiums.  (TAC ¶¶ 33-34.)  The State Farm Policy premium of $614.00 for the period from July 10, 2010, through July 10, 2011, was paid through Gustafson's escrow account.  (*Id.* ¶ 33.)

In July 2010, Gustafson received notice that his loan was being serviced by BAC, a subsidiary of Bank of America Corp.  (*Id.* ¶ 35.)  Thereafter, on January 3, 2011, despite the existence of the State Farm Policy, Gustafson received notice from Bank of America's office in Fort Worth, Texas, advising him that it would force-place hazard insurance on the Property, backdated to December 6, 2010, if Gustafson did not provide proof of insurance by February 7, 2011.  (*Id.* ¶ 37; Ex. 37 "First Notice", Doc. 146-9.)  The notice further provided that Gustafson would be charged for the insurance at an approximate cost of $1,045.00, that the force-placed insurance would provide less coverage than his previous policy, and that the force-placed insurance may be purchased from a Bank of America affiliate from which Bank of America would receive a commission in connection with obtaining the coverage.  (First Notice.)

On February 10, 2011, Gustafson received a second notice from Bank of America's Texas office advising him that force-placed insurance had been purchased from Balboa and placed on the Property, backdated to December 6, 2010.  (TAC ¶ 38; Ex. 38 "Second Notice", Doc. 146-9.)  The notice further explained that Gustafson could obtain his own preferred hazard insurance policy and cancel the force-placed insurance for a full refund, and attached a copy of the force-placed policy.  (Second Notice)  The policy named BAC's Texas office as the insured, protected only BAC's interest in the Property, and charged a total premium of $1,045.00.  (TAC at ¶ 39; Ex. 40, Doc. 146-10.)  It also provided an amount of coverage that exceeded the outstanding principal balance on Gustafson's loan.  (TAC ¶ 40.)  The premium for the force-placed policy was charged to Gustafson's escrow account on or about February 8, 2011.  (*Id.* ¶ 39.)

At the time of the force-placement, Balboa was the subsidiary and/or affiliate of Bank of America Corp.  (*See id.* ¶ 81.)  Gustafson alleges that the Bank of America Defendants were parties to an agreement with Balboa pursuant to which they referred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)            Date:  December 26, 2012
Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

borrowers exclusively to Balboa for force-placed insurance in exchange for a commission on each insurance policy.  (*Id.*)

Plaintiff Aiello is a resident of California who entered into a mortgage agreement in 2006 with Countrywide Home Loans, Inc, a company that was eventually renamed BAC.  (*Id.* ¶¶ 65-80.)  BAC later merged into BANA.  (*Id.* ¶ 80.)  His loan was secured by a deed of trust.  (*Id.* ¶¶ 66-67.)  As with Gustafson's deed of trust, Aiello's deed also contained a provision requiring him to maintain hazard insurance and allowing the lender to purchase this hazard insurance at Aiello's expense should he fail to do so.  (*See id.* ¶ 67.)  Aiello does not allege that he ever purchased hazard insurance, and on February 27, 2007, Countrywide notified him that a payment for force-placed insurance would be paid to Balboa out of Aiello's escrow account.  (*See id.* ¶ 69.)  The force-placed coverage was then purchased by Countrywide, and it became effective from December 15, 2006, to December 15, 2007.  (*Id.*)  Aiello's hazard insurance continued to be force-placed by Countrywide, and later Bank of America from 2008-2012.  (*Id.* ¶¶ 73-78.)

Similarly, the Frazes were also force-placed into hazard insurance by the Bank of America Defendants.  (*See id.* ¶ 58.)  The Frazes owned two properties in San Bruno, California: 977 Masson Avenue, San Bruno, California 94066 (the "977 Property") and 875 Masson Avenue, San Bruno, California 94066 (the "875 Property").  (*Id.* ¶ 44.)  The Frazes obtained a series of mortgages with Bank of America on their 977 Property, beginning on or about July 10, 2000.  (*Id.* ¶ 45.)  After receiving a loan modification in 2009, the Frazes opened an escrow account for the 977 Property serviced by Bank of America.  (*Id.* ¶¶ 48-49.)  They also executed two deeds of trust for the 875 Property with BANA as the lender.  (*Id.* ¶ 55.)  Like the other Plaintiffs, the Frazes were required to maintain hazard insurance on their properties.  (*See id.* ¶ 56.)  The Frazes maintained this insurance with Farmer's Insurance Company throughout the duration of their mortgages.  (*Id.* ¶ 57.)  On May 23, 2010, the Frazes were notified by Bank of America that it had force-placed hazard insurance with Meritplan, on their 875 Property and that it would be reissued for another year, effective May 19. 2010.  (*Id.* ¶¶ 59-61.)  And on June 10, 2010, the Frazes received a similar notice from BAC regarding the 977 Property, informing them that they had not provided verification of hazard insurance and that BAC would force-place hazard insurance if they did not submit this verification.  (*Id.* ¶ 51.)  The notice provided the force-placed hazard insurance "may be purchased from an affiliate of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                                      Date:  December 26, 2012

Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

Bank of America, N.A." and that "Bank of America, N.A. may receive a commission or other compensation in connection with obtaining this coverage."  (*Id.*)

### II.     Legal Standard

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (1994).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  "A pleading is sufficient under [R]ule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

In considering the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *cert. denied*, 512 U.S. 1219 (1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if:  (1) the complaint

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 11-915-JST (ANx) | Date:  December 26, 2012 |
| Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al. | |

refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").[1]

### III.   Discussion

Defendants Newport and Meritplan move to dismiss Plaintiffs' claims for violations of RICO subsections (c) and (d), violation of the UCL, aiding and abetting a breach of fiduciary duty, and unjust enrichment/restitution/disgorgement.  (*See* Mot. at 1-2.)

### *A.  RICO Count I—Subsection (c)*

To state a claim under RICO, "a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (*en banc*) (quoting *Sedima*, *S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).  Private plaintiffs must also establish that they suffered an injury to business or property.  *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994) (citing 18 U.S.C. § 1964(c)).

Defendants argue the Complaint does not allege the requisite elements of enterprise or a pattern of racketeering activity through a scheme to defraud, or injury.  (Mot. at 12-14.)  They further argue that Plaintiffs have failed to state a claim for injury because they are barred from challenging the amount of the premiums under the filed rate doctrine and because the TAC fails to allege facts sufficient to show that the force-placed insurance was unnecessary or duplicative.  (Mot. at 14-15.)  Because the Court agrees with Defendants that Plaintiffs fail to state a pattern of racketeering activity under Rule 9(b)'s heightened pleading standard, the Court need not address the elements of enterprise and injury.

___

[1] Defendants request the Court consider several documents, including a letter showing a cancellation of the Frazes's force-placed insurance, on the ground that the TAC implicitly relies on these documents.  (Mot. at 2 n.2.)  The Court finds the TAC does not implicitly or explicitly rely on these documents and that the documents are not central to Plaintiffs claims.  *See Marder*, 450 F.3d at 448.  Defendants' request is therefore denied.

___

**CIVIL MINUTES – GENERAL**                                                                                          6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                              Date:  December 26, 2012
Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

A plaintiff asserting a RICO claim must allege a "pattern" of "racketeering activity." "Racketeering activity" is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice. . . .  In order to constitute a 'pattern,' there must be at least two acts of racketeering activity within ten years of one another." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) (internal citations and brackets omitted).

The alleged predicate acts—*i.e.*, racketeering activity—of Plaintiffs' RICO claims are mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343).  (TAC ¶ 187.) Because both mail fraud and wire fraud are fraud-based crimes, these predicate acts are subject to Rule 9(b)'s heightened-pleading standard of "specificity." *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399-1400 (9th Cir. 1986).

"Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557-58 (9th Cir. 2010) (internal citation omitted). "Federal Rule of Civil Procedure 9(b) provides that "in alleging fraud . . . , a party must state with particularity the circumstances constituting fraud,' while 'malice, intent, knowledge, and other conditions of a person's mind may be averred generally.' Consequently, 'the only aspects of wire or mail fraud that require particularized allegations are the factual circumstances of the fraud itself.'" *Id.* at 557-58 (internal citation and brackets omitted).

Plaintiffs allege that Defendants used the U.S. mails and wires to execute their illegal scheme.  Defendants sent or caused to be sent "loan documents, correspondence relating to the provision of force-placed hazard insurance, such as applications, agreements, checks or money orders, notices, correspondence to Plaintiffs and Class members and correspondence and memoranda to and among each other."  (TAC ¶ 159.) And by wire, Defendants "transmitted and received  . . . matter and things, includ[ing] transfers of money, correspondence[s], reports, memoranda, manuals, applications and agreements [that] were transmitted over the telephone, FAX, electronic mail and internet."  (*Id.* ¶ 160.)  Plaintiffs make general statements in the TAC that Defendants "misrepresent[ed] the reasons for the high cost of force-placed insurance to Plaintiffs and Class members . . . and omitt[ed] to inform Plaintiffs and Class members that force-placed insurance practices did not only protect [Defendant's] interest in Plaintiffs' and

___

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 11-915-JST (ANx) | Date: December 26, 2012 |
| Title: Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al. | |

Class members' properties but also generated unwarranted profits for itself and fellow scheme members." (*Id.* ¶ 13.)

But Plaintiffs' allegations fail to state the when, where, and why of these allegedly fraudulent acts with the specificity required by Rule 9(b). They do not allege *when* these frauds occurred via wire or U.S. mail but generally allege that hundreds of thousands of letters and other mailings and communications were sent to Plaintiffs and class members. (*Id.* ¶162(a).) And Plaintiffs generally state that each of the Defendants committed the alleged predicate acts, but fail to connect each of the Defendants to these acts with anything more than a sweeping allegation. (*Id.*) Nor do Plaintiffs allege *what* the false statements were with any specificity; Plaintiffs state generally that "[t]hese notices, telephone calls, correspondence and other communications . . . provid[ed] an outward appearance of legitimacy, [but] misrepresented the nature and extent of BOA's authority to force-place insurance and misrepresented that Defendants were force-placing insurance to protect the lender's interest in the secured property." (*Id.* ¶ 162.) But "a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Plaintiffs have pointed to no specific misrepresentations or omissions and have provided no dates for when those misrepresentations or omissions occurred. Though Plaintiffs point to specific dates in which they themselves received letters from Bank of America and other Defendants regarding their hazard insurance, (*see e.g.*, TAC ¶¶ 35, 38, 51), Plaintiffs have not specifically alleged that these communications contained misrepresentations or omissions, nor have they pointed to anything in or about those correspondences that were misleading or misrepresented. What Plaintiffs have done is attach over five hundred and thirty pages of documents to their TAC with the apparent expectation that this is sufficient to allege the fraud elements of a RICO claim with specificity. Again, Plaintiffs have not pointed to any specific misrepresentations or omissions in these pages. Thus, the Complaint lacks the requisite "who, what, when, where, and how" for fraud allegations. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

In short, Plaintiffs' allegations lack the requisite time, place, and specific content of the false representations or omissions and fail to connect any of the Defendants to the alleged predicate acts with anything more than a sweeping allegation that each Defendant committed the predicate act. "This is not sufficient. 'Allegations of fraud under section

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                          Date:  December 26, 2012
Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme.'" *Moore*, 885 F.2d at 541 (quoting *Schreiber Distrib.*, 806 F.2d at 1401) (internal quotation marks omitted).  The long-standing purpose of Rule 9(b) is to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (ellipses in original) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).  Plaintiffs have not provided sufficient notice to Defendants of the fraud allegations, as Rule 9(b) requires, and Defendants would be unable to defend themselves in any meaningful manner in response to the general allegations set forth by Plaintiffs' allegations.

      Moreover, Plaintiffs are unable to state their fraud allegations with any particularity without contradicting what is expressly alleged in the TAC and included within the TAC's exhibits.  A scheme to defraud requires "an affirmative, material misrepresentation" or the nondisclosure of facts where there exists an independent duty to disclose.  *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986).  Such fraud or omission "need not be fraudulent on its face, but must involve some sort of fraudulent misrepresentation or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1415 (3d Cir. 1991); *United States v. Netterville*, 553 F.2d 903, 909 (5th Cir. 1977), *cert. denied*, 434 U.S. 1009 (1978).

      Plaintiffs cannot and do not allege that Defendants misrepresented that force-placed insurance would be charged to them if they failed to maintain hazard insurance because the TAC acknowledges that the mortgage agreements clearly stated this requirement.  (*See* TAC ¶ 2.)  And Plaintiffs received numerous notices informing them that hazard insurance was being force-placed.  (*See id.* ¶ 38, 51-52, 69.)  These notices also informed Plaintiffs of the amounts being charged, urged them to submit proof of their own hazard insurance, and stated that insurance might be force-placed with an affiliate who may receive a commission.  (*See id.* ¶¶ 37, 51.)  The Mortgage Agreement itself stated that "coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                            Date:  December 26, 2012
Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

(Insurance Provision ¶ 5.)  And the notifications sent to Plaintiffs again warned them that the force-placed insurance "will provide less coverage than was previously in effect and it may . . . be more expensive than your previous coverage."  (Second Notice; Ex. 50, Doc. 146-11.)  Clearly, the affirmative representations were accurate.  *Accord Weinberger v. Mellon Mortg. Co.*, No. CIV.A 98-2490, 1998 WL 599192 (E.D. Pa. Sept. 10, 1998).

And, while Plaintiffs characterize their fraud claim as one of omission, (TAC ¶ 13), the Court fails to see how Defendants' failure to inform Plaintiffs and class members that force-placed insurance practices also generated profits for Defendants is a material omission "reasonably calculated to deceive" Plaintiffs.  Not only is this argument circular, but the clear information provided to Plaintiffs precludes a finding that these "omissions" were reasonably calculated to deceive Plaintiffs when they were warned that, among other things, commissions would be paid to Bank of America's affiliates.  (*See, e.g.*, *id.* at ¶ 37.)  *Accord Weinberger*, 1998 WL 599192 ("The Court cannot see how letters that warn of an imminent bad deal and urge one to seek better, could possibly be calculated to deceive anyone.")

Thus, Defendants' Motion is GRANTED and Plaintiffs' RICO Count I claim is DISMISSED WITH PREJUDICE.

### B.  RICO Count II—Subsection (d)

Count II asserts a claim under section 1962(d) of RICO, which punishes conspiracy to commit a RICO violation the same as a violation of Section 1962(a), (b), or (c).  Count II rests on the same allegations as the first Count, analyzed above.  (*See* TAC ¶ 166.)  Accordingly, this claim also fails—for the reasons set forth above—and must be dismissed.  Defendants' Motion is therefore GRANTED as to Plaintiffs' Rico Count II, and Plaintiffs' Rico Count II is DISMISSED WITH PREJUDICE.

### C.  Aiding and Abetting a Breach of Fiduciary Duty

Count VI of the TAC asserts an aiding and abetting a breach of fiduciary duty claim against Meritplan and Newport predicated on a claim for breach of fiduciary duty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-915-JST (ANx)            Date: December 26, 2012

Title: Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

against Defendants BANA and BAC. (TAC ¶¶ 224-25.) This Court has dismissed Plaintiffs' breach of fiduciary duty claim against Defendants BANA and BAC for the reasons set forth in its Order. (Doc. 204.) Without a principal who has breached a fiduciary duty, Plaintiffs have failed to allege a claim for aiding and abetting a breach of fiduciary duty. *See, e.g., Yates v. John Marshall Law Sch.*, No. 08C4127, 2009 WL 1309516, at *7 (N.D. Ill. May 11, 2009) (dismissing aiding and abetting claim where underlying fraud claims were dismissed, stating, "[b]ecause we have already dismissed [plaintiff's] tort claims, there are no underlying torts that [defendant] could have aided and abetted.") Thus, Plaintiffs' claim for aiding and abetting a breach of fiduciary duty is DISMISSED WITHOUT PREJUDICE.

### *D. Unfair Competition Law ("UCL")*

Count VII of the TAC alleges a violation of California Business and Professions Code Section 17200 which prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]," Cal. Bus. & Prof. Code § 17200, and allows suits "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." *Id.* § 17204. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007) (quoting *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996)). Defendants argue that this Court should dismiss Plaintiffs' UCL claims because (1) the Court had previously dismissed Gustafson's UCL claim on extraterritoriality grounds, (2) Aiello's claims are time-barred, and (3) Plaintiffs have failed to state a claim under the UCL. (*See* Mot. at 10-11, 18-23.)

### *1. Prior Ruling*

Defendants argue that Gustafson's UCL claim should be dismissed because this Court previously dismissed the claim in its Order on April 5, 2012. In its prior Order, the Court concluded Gustafson was an Illinois resident and had failed to allege sufficient facts to establish a "locus of the wrongful conduct underlying Plaintiff's claim." (Order

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-915-JST (ANx)                      Date: December 26, 2012
Title: Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

at 10.) The Court stated that Gustafson needed to establish the Defendants' "unlawful, unfair, and/or fraudulent conduct occurred in California." (*Id.*) In the TAC, Gustafson has cured this problem and has adequately alleged facts to establish a locus of wrongful conduct in California. The TAC states that the "Defendants' scheme was devised, implemented and directed from BAC Home Loans Servicing's and Balboa's offices in California and the nerve center of the conduct alleged occurred in California." (TAC ¶232.) The TAC further states the "Defendants have regularly conducted business throughout the State of California" and that many of the Defendants, including Balboa, Meritplan, and BAC, have their principal places of business or headquarters in California. (*Id.* ¶¶ 79-83, 231.) Thus, Gustafson has sufficiently pled a claim for relief under the UCL.

### *2. Statute of Limitations*

Defendants also argue Plaintiff Aiello is time-barred from bringing this claim because he first became aware of the force-placed insurance in February of 2007 when he was "informed that a payment of $7,374.00 . . . would be paid by Countrywide [BAC Home Loan's predecessor] out of [his] escrow account." (*Id.* ¶ 70.) "*Any* action on *any* UCL cause of action is subject to the four-year period of limitations created by that section." *Cortez v. Purolator Air Filtration Prods. Co*., 23 Cal. 4th 163, 179 (2000) (citing Cal. Bus. & Prof. Code § 17208). Plaintiffs, however, argue that each time Defendants made the decision to renew Aiello's force-placed insurance in 2008-2012, a new successive injury occurred. (Opp'n at 20, Doc. 189.) The application of the continuing violation doctrine to the statute of limitations under the UCL is pending before the California Supreme Court. See *Aryeh v. Canon Bus. Solutions*, 185 Cal. App. 4th 1159 (2010) (holding continuing violation doctrine are not applicable to UCL claims); *review granted*, 116 Cal. Rptr. 3d 881 (Cal. Oct. 20, 2010). But here the Court finds that Aiello has not sufficiently pled a successive violation even if the doctrine were to apply. Plaintiffs acknowledge that they are not challenging the actual rates charged because of the filed rate doctrine. (*See id*.) Because of this, Plaintiffs are left to challenge the alleged kickbacks that Defendants received and the backdated, duplicative, or unnecessary force-placed insurance. Yet Plaintiffs fail to plead that Aiello retained his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                    Date:  December 26, 2012
Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

own hazard insurance, so he cannot claim that the insurance was duplicative.  (*See* TAC ¶¶ 65-78.)  And, though Plaintiffs plead facts showing that the force-placed insurance was backdated in February of 2007 to December 15, 2006, they fail to plead that it was ever backdated after the initial placement in February of 2007.  (*See id.*)  Moreover, Plaintiffs also fail to plead that any kickbacks occurred on Aiello's force-placed insurance during the four-year limitations period.  (*See id.*)  Thus, Aiello's UCL claim is barred by the statute of limitations and is DISMISSED WITHOUT PREJUDICE.  Aiello may amend his claim only if he can allege facts showing that, within the statute of limitations, Defendants issued force-placed insurance that was backdated, duplicative, or unnecessary.

### *3. Merits of the Claim*

Plaintiffs allege in the TAC that Defendants violated Section 17200 by, among other things, "[u]sing their discretion to choose a force-placed insurance provider and policy in bad faith and in contravention of the parties' reasonable expectations . . . [and] [b]ackdating force-placed insurance policies to cover time periods which have already passed and for which there was already absolutely no risk of loss."  (TAC ¶ 235(b),(e).)  In Plaintiffs' Opposition, Plaintiffs further argue that Defendants' acts are unlawful, unfair, and fraudulent, and that Plaintiffs' claims satisfy any one of the three varieties of unfair competition under section 17200.  (Opp'n at 20-23.)  Plaintiffs allege sufficient facts to proceed under the unfair prong of section 17200.  "California appellate courts disagree on how to define an 'unfair' act or practice in the context of a [Section 17200] consumer action."  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204-05 (9th Cir. 2010); *see also Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007) ("In the absence of further clarification by the California Supreme Court, we endorse the district court's approach to the law as if it still contained a balancing test.").  Plaintiffs allegations of backdating satisfy both the "section 5 test"[2] and the alternative test used by California courts.  First, under the three-pronged section 5 test, a plaintiff must allege:
     (1) a substantial consumer injury;

---

[2] The "section 5" test is derived from the definition of "unfair" in section 5 of the Federal Trade Commission Act.  *See* 15 U.S.C. § 45, subd.(n).

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                                    Date:  December 26, 2012

Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

(2) that the injury outweighs any countervailing benefits to consumers or competition; and

(3) that the injury could not reasonably have been avoided.

*Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006).  Plaintiffs have alleged that Defendants backdated force-placed insurance policies to cover time periods which had already passed and that they used their discretion in bad faith by "forcing borrowers to pay for more than the cost of protecting the lender's interest in the secured property."  (TAC ¶ 235 (b).)

In dealing with similar allegations, a court in the Northern District of California denied the defendant's motion to dismiss.  *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 962 (N.D. Cal. 2012).  The court found that the practice of backdating despite a lack of property damage or claims arising out of the property during the backdated period was "disadvantageous to Plaintiffs and unsupported by any apparent reason other than the fact that Defendants stood to benefit financially from the high-priced, backdated policy.  Moreover, Defendants' arrangement with [the force-placed insurance company] resulted in financial gains to Defendants, at Plaintiff's expense, and created incentives for Defendants to seek policies with the highest premiums."  *Id*.  The court also dismissed the defendants' contentions that the plaintiffs could have avoided the alleged unfair conduct by purchasing their own hazard insurance, stating that it could not, as a matter of law, hold that "Plaintiffs could reasonably have avoided Defendants' alleged unfair practice."  *Id.*

The Court finds the *McNeary* court's reasoning persuasive here, and concludes Plaintiffs have alleged enough facts to state an unfair business practice under the section 5 test.  Plaintiffs' allegations of backdating and forcing the borrowers to pay for more than the cost of the lender's interest are sufficiently pled to survive a motion to dismiss.  Plaintiffs have further alleged in their complaint that this harm to consumers is outweighed by its benefits.  (TAC ¶ 234.)  Further, while Defendants argue Plaintiffs could have avoided this harm by purchasing their own hazard insurance or submitting proof of such insurance, (*see* Opp'n at 23), the Court must accept Plaintiffs' allegations as true, and Gustafson and the Frazes allege that they had purchased hazard insurance.  (TAC ¶ 33, 50.)  And, while the TAC is silent on whether Plaintiffs submitted proof of this insurance to Defendants, the Court cannot say as a matter of law that Plaintiffs could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                          Date:  December 26, 2012
Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

have reasonably avoided Defendants' policy of backdating insurance or its use of its discretion in bad faith to force-place insurance that covered a higher risk than needed.

And, under an alternative test applied by California Courts, an "unfair" business practice occurs when the practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886 (1999).  In the TAC, Plaintiffs allege Defendants practice of backdating has "detrimentally impacted competition and caused substantial harm to Plaintiffs and the Class.  Plaintiffs have suffered financial injuries in fact to their business or property as a result of Defendants' conduct." (TAC ¶ 236.)  Plaintiffs' unfair business practices claim does not focus solely on harms committed by Defendants to Plaintiffs but refers to the practice of backdating as widespread and causing substantial harm to many consumers. At the motion to dismiss stage, these are sufficient allegations of a practice by Defendants that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," *see S. Bay*, 72 Cal. App. 4th at 886.  Thus, Plaintiffs have adequately alleged a claim under the unfair prong using either test.

Because the Court finds that Plaintiffs have alleged sufficient facts to proceed on their UCL claims under the unfair prong of section 17200, the Court need not address Plaintiffs' arguments that it meets the other two prongs.  To the extent, however, that Plaintiffs' UCL claim is predicated on fraud, Plaintiffs have not and cannot meet the heightened pleading standard imposed by Rule 9(b).  Claims under the fraud prong of Section 17200 are still subject to the heightened pleading requirements of Rule 9. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the [Cal. Civ. Code Section 1770] and [Cal. Bus. & Prof. Code Section 17200].")  For the reasons discussed above, Plaintiffs cannot allege fraud and thus, to the extent that this claim is predicated on fraudulent acts, it must be dismissed. Otherwise, Defendants' Motion to Dismiss Gustafson's and the Frazes's UCL claim is DENIED.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                                    Date:  December 26, 2012

Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

### *E.  Common Law Restitution/ Unjust Enrichment/ Disgorgement*

Plaintiffs' Count VIII alleges a claim for common law restitution/unjust enrichment/disgorgement against Newport and Meritplan for "unreasonable amounts charged for unnecessary, back dated and/or duplicative force-placed insurance [as a result] of the scheme designed and perpetrated [by] Defendants."  (TAC ¶ 241.) Defendants argue that this claim should be dismissed because (1) the Court previously dismissed Gustafson's unjust enrichment/restitution claim; (2) Aiello is time-barred; and (3) Plaintiffs have not properly alleged the elements of unjust enrichment.  (Mot. 10-11, 23-25.)

#### *1. Prior Ruling*

This Court previously dismissed without prejudice Gustafson's claim for unjust enrichment/restitution as alleged against Defendants Balboa, BANA, and BAC.  (Order, Doc. 89.)  The Court found that the mortgage agreement between Plaintiff Gustafson and Defendants precluded a restitution or unjust enrichment claim, but stated that Plaintiff could amend his Complaint to allege that the "violations arose outside of the duties of the parties under the express Mortgage Agreement."  (Order at 11.)  Plaintiffs have now asserted this claim for the first time against Meritplan and Newport.  (TAC ¶ 239.) Plaintiffs have cured the problem that this Court previously noted by alleging an "explicit absence of a contractual relationship between Plaintiffs/Class Members and Defendants . . . Meritplan [and] Newport."  (*Id.*)

#### *2. Statute of Limitations*

Defendants also argue, however, that Plaintiff Aiello's claim for restitution is again barred by the statute of limitations.  (Mot. at 10-12.)  The Court finds this argument persuasive for the following reasons.  A four year statute of limitations exists for a contract based in writing, Cal. Civ. Proc. Code § 337, but Plaintiffs have clearly stated that this action is not based on a written contract.  (TAC ¶ 239.)  Thus, the four year statute of limitations does not apply.  Because Plaintiffs have not properly pled a claim

___

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)                                                     Date:  December 26, 2012

Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

for fraud, the three year statute of limitations for an action based on fraud is not applicable either.  *See* Cal. Civ. Proc. Code § 338.  This leaves Plaintiffs with the two year statute of limitations available under California Civil Procedure Code section 339 which covers "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing."  Thus, for the reasons discussed above, Plaintiff Aiello's unjust enrichment claim is barred by the statute of limitations.  Defendants' motion to dismiss is therefore GRANTED as to Aiello's restitution claim, and Aiello's claim is DISMISSED WITHOUT PREJUDICE.

### *3. Merits of the Claim*

As a preliminary matter, the parties agree that Illinois law applies to Plaintiff Gustafson's claims and that California law applies to Plaintiffs Aiello's and Frazes's claims.  (*See* BANA Mot. to Dismiss at 8-9; Opp'n to BANA Motion to Dismiss at 4, n5, 5.)  Under either state's law, however, the result is the same—Plaintiffs have stated a cause of action for unjust enrichment/ restitution.

Under California law, "[t]here is no cause of action for unjust enrichment.  Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust."  *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006).  As Plaintiffs have styled this claim as one for unjust enrichment/restitution, (*see* TAC ¶¶ 238-43), the Court construes Plaintiff's unjust enrichment claim as a claim for restitution.  "Under the law of restitution, an individual may be required to make restitution if he is unjustly enriched at the expense of another."  *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996).  "A person is enriched if he receives a benefit at another's expense."  *Id.*  However, "[e]ven when a person has received a benefit from another, he is required to make restitution only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it."  *Id.* (internal quotation marks and citation omitted).

Here, Plaintiffs have alleged facts showing that Plaintiffs and Class Members were charged high, duplicative, backdated, and unnecessary premiums and that Defendants Balboa and BAISI accepted and retained these improper payments.  (TAC ¶ 241.)  Plaintiffs allege that all Defendants gave and received kickbacks in the form of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-915-JST (ANx)　　　　　　　　　　　　　　　　Date:  December 26, 2012
Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

"purported fees, payments, commissions, 'rebates' and/or other things of value from providers of force-placed insurance (including Balboa [and] BAISI)."  (*Id.* ¶ 13.)  In applying California law to almost identical claims of unjust enrichment based on kickbacks and inappropriate backdating of force-placed insurance, district courts in the Northern District of California have allowed these claims to go forward.  *See McNeary-Calloway*, 863 F. Supp. 2d at 962; *Ellsworth v. U.S. Bank, N.A.*, No. C 12-02506 LB, 2012 WL 6176905 (N.D. Cal. Dec. 11, 2012).  This Court agrees with these decisions and finds that these allegations are sufficient to state a claim for unjust enrichment.

　　　　And under Illinois law, Plaintiffs have also stated a claim for relief.  Plaintiffs must show "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law."  *Sherman v. Ryan*, 392 Ill. App. 3d 712, 734 (2009).  Taking Plaintiffs' allegations as true, as the Court must do here, Plaintiffs have sufficiently pled all of these elements.  They have pled that Defendants received enrichments in the form of kickbacks and backdated and unnecessary insurance premiums.  (TAC ¶ 13.)  They have also pled an impoverishment in the form of unnecessary and duplicative premium charges which they allege is directly caused by Defendants' backdated and unnecessary force-placed insurance.  (*Id.* ¶ 241.)  And they have alleged that the "sole justification for the financial gains achieved and maintained by Defendant[s] . . . at the expense of borrowers is unjust profiteering at the expense of Plaintiffs and Class Members."  (*Id.* ¶ 240.)  Finally, as discussed above, they have pled that no contract exists between Plaintiffs and Defendants Balboa and BAISI and that therefore there is no adequate remedy at law.  (*Id.* ¶ 239.)

　　　　Moreover, the Court finds Defendants' argument that Plaintiffs' unjust enrichment claims are barred by the filed rate doctrine to be unpersuasive. (Mot. at 11-12.)  The filed rate doctrine, "bar[s] recovery by those who claim injury by virtue of having paid a filed rate."  *Taffet v. Southern Co.*, 967 F.2d 1483, 1488 (11th Cir.) (*en banc*), *cert. denied*, 506 U.S. 1021 (1992).  But Plaintiffs are not challenging the filed rate itself but rather Defendants' conduct in force-placing unnecessary, duplicative, or backdated insurance, and in receiving kickbacks on this insurance.  *See accord Ellsworth*, 2012 WL 6176905, at *19.

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-915-JST (ANx)                         Date:  December 26, 2012

Title:  Christopher Gustafson, et. al. v. BAC Home Loans Servicing, LP, et al.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' RICO claims WITH PREJUDICE.  The Court further GRANTS Defendants' Motion to Dismiss Aiello's UCL and unjust enrichment/restitution claims WITHOUT PREJUDICE.  The Court also GRANTS Defendants' Motion to Dismiss all Plaintiffs' claims for aiding and abetting a breach of fiduciary duty WITHOUT PREJUDICE.  Finally, the Court DENIES Defendants' Motion to Dismiss Gustafson's and the Frazes's UCL and unjust enrichment/restitution claims.  Plaintiffs may file an amended complaint consistent with this Order by **January 11, 2013**.

Initials of Preparer:  nkb