DAVID L. PERMUT (*pro hac vice*)
dpermut@goodwinprocter.com
KATHERINE J. SHINNERS (*pro hac vice*)
kshinners@goodwinprocter.com
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001-4432
Tel.: 202.346.4000
Fax: 202.346.4444

MATTHEW G. LINDENBAUM
(*pro hac vice*)
mlindenbaum@goodwinprocter.com
**GOODWIN PROCTER LLP**
Exchange Place
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231

LAURA A. STOLL (SBN 255023)
lstoll@goodwinprocter.com
**GOODWIN PROCTER LLP**
601 S Figueroa St., 41st Floor
Los Angeles, California 90017
Tel.: 213.426.2500
Fax: 213.623.1673

*Attorneys for Defendants*
Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, and Banc of America Insurance Services, Inc.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| CHRISTOPHER GUSTAFSON, ZAHID FRAZ, BUSHRA FRAZ and JASON AIELLO, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>BAC HOME LOANS SERVICING, LP, *et al.*,<br><br>            Defendants. | Case No. 11-cv-00915-JLS-AN<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION AND TO MODIFY CASE MANAGEMENT SCHEDULE**<br><br>Judge: Josephine L. Staton |

## **TABLE OF CONTENTS**

**Page**

I. BACKGROUND. ........................................................................................... 1

II. ARGUMENT ................................................................................................ 4
    A. Legal Standards. ................................................................................ 4
    B. There is No Good Cause to Modify the Case Schedule. ................... 5
    C. Plaintiffs' Proposed Renewed Motion Is Improper and Futile. .......... 7
        1. There Are No Materially Changed or Clarified Circumstances Warranting Consideration of Plaintiffs' Proposed Motion. .................................................................... 7
        2. Plaintiffs' Newly-Proposed Classes Do Not Overcome the Problems Identified in the Court's Denial of Certification. ........ 9

III. CONCLUSION ........................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Calderon v. Target Corp.*,
  2013 WL 4401430 (S.D. Cal. Aug. 15, 2013) .................................................. 5, 6

*Dukes v. Wal-Mart Stores, Inc.*,
  2012 WL 4329009 (N.D. Cal. Sept. 21, 2012) ..................................................... 8

*Dukes v. Wal-Mart Stores, Inc.*,
  --- F. Supp. 2d ----, 2013 WL 3993000 (N.D. Cal. Aug. 2, 2013) ....................... 9

*Eckert v. City of Sacramento*,
  2009 WL 3211278 (E.D. Cal. Sept. 30, 2009) ...................................................... 6

*Farmer v. Bank of Am.*,
  No. 11-cv-00935, ECF No. 92 (W.D. Tex. May 23, 2013) ................................ 11

*Gustafson v. BAC Home Loans Servicing, LP*,
  --- F.R.D. ----, 2013 WL 5911252 (C.D. Cal. 2013) ........................................... 2

*Hartman v. United Bank Card, Inc.*,
  291 F.R.D. 591 (W.D. Wash. 2013) ............................................................ 4, 8, 9

*Ho v. Ernst & Young LLP*,
  2012 WL 95342 (N.D. Cal. Jan. 11, 2012) .......................................................... 7

*Hofstetter v. Chase Home Fin., LLC*,
  2011 WL 1225900 (N.D. Cal. Mar. 31, 2011) ................................................... 11

*In re Fed. Home Loan Mortg. Corp. (Freddie Mac) Secs. Litig.*,
  2012 WL 4435292 (S.D.N.Y. Sept. 26, 2012) ................................................. 8, 9

*In re W. States Wholesale Natural Gas Antitrust Litig.*,
  715 F.3d 716 (9th Cir. 2013) ................................................................................ 6

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ....................................................................... 4, 5, 7

*Kunzelmann v. Wells Fargo Bank, N.A.*,
  2013 WL 139913 (S.D. Fla. Jan. 10, 2013) ....................................................... 10

*Lambey v. Cal. Dep't of Ins.*,
    2013 WL 3992132 (E.D. Cal. Aug. 1, 2013) ........................................................ 6

*Landon v. Ernst & Young LLP*,
    2012 WL 92599 (N.D. Cal. Jan. 11, 2012) .......................................................... 6

*Lane v. Wells Fargo Bank, N.A.*,
    2013 WL 3187410 (N.D. Cal. June 21, 2013) ..................................................... 11

*Mills v. Foremost Ins. Co.*,
    2010 WL 4840050 (M.D. Fla. Nov. 23, 2010) ..................................................... 9

*Mogel v. Unum Life Ins. Co. of Am.*,
    677 F. Supp. 2d 362 (D. Mass. 2009) .............................................................. 8, 9

*Ortiz v. McNeil-PPC, Inc.*,
    2009 WL 1322962 (S.D. Cal. May 8, 2009) ....................................................... 6

*Salazar v. City of Maywood*,
    414 F. App'x 73 (9th Cir. 2011) ...................................................................... 4

*Wahl v. Am. Sec. Ins. Co.*,
    2010 WL 1881126 (N.D. Cal. 2010) ................................................................. 11

*Washington v. Vogel*,
    158 F.R.D. 689 (M.D. Fla. 1994) ................................................................. 6, 9

*Williams v. Wells Fargo Bank, N.A.*,
    280 F.R.D. 665 (S.D. Fla. 2012) ...................................................................... 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16(b)(4) ............................................................................................. 4

Fed. R. Civ. P. 23(c)(1) ......................................................................................... 4, 7

LR 7-17 ...................................................................................................................... 8

Defendants Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, ("Bank of America" or "the Bank"), Banc of America Insurance Services, Inc., Newport Management Corporation, Balboa Insurance Company, and Meritplan Insurance Company (collectively, "Defendants") jointly oppose Plaintiffs' Motion for Leave to File a Renewed Motion for Class Certification and for an Order Modifying the Case Management Schedule ("Motion") [ECF No. 337].

Plaintiffs' Motion is nothing more than a request to re-litigate issues the Court has already resolved. Plaintiffs have not identified any change of circumstances that would justify a new class certification motion, and there is no good cause to change long-established Court deadlines. This Court's Case Management and Scheduling Orders provided Plaintiffs deadlines for class certification briefing. In complying with those deadlines, Plaintiffs made the strategic choice to seek to certify a nationwide class only. Now, after the denial of their motion, Plaintiffs seek a second bite at the apple to attempt to certify "more narrowly defined classes." But Plaintiffs could have sought the certification of more narrowly defined classes within the deadlines originally set by this Court. Their desire to employ this strategy now, only after their initial strategy failed, is not good cause to change the case schedule. Nor is it a material change in circumstances that would justify yet another motion for class certification. In any event, Plaintiffs' newly-proposed classes are just as ill-suited to certification as their prior putative class for reasons this Court has already recognized, such as the individual differences among borrowers and the ways in which the mortgage form at issue has changed over time. For these reasons, Plaintiffs' Motion should be denied.

I.     BACKGROUND.

Plaintiffs brought this lawsuit on June 17, 2011. [ECF No. 1.] On May 7, 2013, after three amended complaints and voluminous briefing on several motions to dismiss, the Court entered a scheduling order governing class certification

briefing (the "May 7 Scheduling Order"). [ECF No. 262.][1] That order, like all previous scheduling and case management orders, set a deadline for Plaintiffs to file a class certification motion.

In accordance with the May 7 Scheduling Order, on May 15, 2013, Plaintiffs filed their Motion for Class Certification, which sought to certify a class of:

> All persons who have or had a residential mortgage loan serviced by Bank of America, N.A. or BAC Home Loans Servicing, LP and, in connection therewith, were charged for "force-placed" hazard insurance coverage provided by Balboa Insurance Company and/or its subsidiaries on the secured property between June 16, 2007 and May 31, 2011.

Pls.' Mem. of Law In Support of Mot. for Class Certification at 1. [ECF No. 269.] The proposed class definition contained no geographic limitation. Plaintiffs did not seek certification of any statewide classes (either as sub-classes or in the alternative). Nor did they limit the proposed class to any specific form of mortgage instrument. Plaintiffs made these choices even though they were well aware of the variations in the mortgage contracts at issue and of the clear trend against nationwide certification of state-law claims.[2] Both of these issues were extensively briefed in Defendants' Opposition briefs as well. The Court denied Plaintiffs' motion for these and other reasons in an order dated November 4, 2013. [ECF No. 333 ("Class Certification Order")], *Gustafson v. BAC Home Loans Servicing, LP*, --- F.R.D. ----, 2013 WL 5911252 (C.D. Cal. 2013).

The Class Certification Order provided numerous bases for the Court's denial of class certification. In their current Motion, Plaintiffs note variations in state law

---

[1] The May 7 Scheduling Order provided for a minor amendment to the class certification briefing deadlines already in place. [ECF No. 260.]

[2] Indeed, the only lender-placed insurance cases Plaintiffs cited in support of their Motion involved the certification of statewide classes, or the certification of nationwide classes on *federal* (not state-law) causes of action. *See* Balboa Defendants' Opposition to Class Certification [ECF No. 296] ("Balboa Opp.") at 4 n.8.

and in mortgage forms as grounds for the Court's decision.  Plaintiffs ignore, however, that in denying class certification, the Court also relied on other individual factual differences among borrowers, including borrowers *within each state*.  Specifically, the Court concluded that class certification was inappropriate because adjudicating Plaintiffs' theory would require individualized examination of borrowers' varying circumstances.  It found, for example, that the lender-placed hazard insurance ("LPI") premium rates at issue "varied *within states* and changed over the class period" (Class Certification Order at 24-25 (emphasis added)), and that the components of those rates likewise changed over time (*id.* at 25-26).  It further held that individualized fact determinations would be necessary to determine: (1) whether a borrower in fact paid the LPI premium; (2) each borrower's knowledge of, and receipt of notice of, the charges allegedly included in the LPI premiums; (3) whether the borrower voluntarily paid for the LPI premium; and (4) whether the borrower received a benefit from the LPI premium.  *Id.* at 31-32.  Given these holdings, it is not surprising that the Court's Class Certification Order did not invite further motion practice.

On December 16, 2013, well over a month after the Court entered its Class Certification Order and less than three weeks before the close of discovery, Plaintiffs filed the instant Motion seeking leave to file a renewed motion for class certification and to modify the case management order.  Plaintiffs ask the Court to extend the discovery period by *at least* seven months and to push the trial date to the year 2015 in order to accommodate a renewed motion.  *See* Mot. at 10-11.  They propose to move to certify two classes: a California class of borrowers with mortgages on "Single Family-Freddie Mac/Fannie Mae Uniform instruments" asserting contract and UCL claims under California law; and an Illinois class of borrowers with mortgages on "Single Family-Freddie Mac/Fannie Mae Uniform instruments" asserting contract claims under Illinois law.  Mot. at 4.

## II. ARGUMENT

None of the scheduling orders proposed by the parties and accepted by this Court contemplated serial motions for class certification. And Plaintiffs have not identified any change in circumstances that would provide cause to abandon the prior case schedule or to depart from the usual rule that certification decisions are to be made "[a]t an early practicable time." *See* Fed. R. Civ. P. 23(c)(1)(A). And the Court's order denying Plaintiffs' initial motion, rather than opening the door to a renewed motion, conclusively demonstrates the futility of Plaintiffs' plan. The Class Certification Order makes clear that narrowing the proposed class definitions will do nothing to cure the problems that precluded class certification. Further, even the "single" mortgage form to which Plaintiffs propose to narrow the putative classes has changed over time in relevant ways. Plaintiffs' Motion must thus be denied.

### A. <u>Legal Standards.</u>

Plaintiffs seek to modify the case management order under Rule 16(b), which requires the moving party to demonstrate "good cause," Fed. R. Civ. P. 16(b)(4), that is, that the schedule or deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b), advisory committee's note (1983 amendment)); *see also Salazar v. City of Maywood*, 414 F. App'x 73, 75 (9th Cir. 2011). Plaintiffs also move under Rule 23(c)(1)(C) for leave to file a renewed certification motion. That Rule contemplates that the Court may revisit the certification order only when there are "materially changed or clarified circumstances," such as new facts not initially known to the Plaintiffs, or "fuller development" of the facts. *See Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013); Fed. R. Civ. P. 23(c)(1), advisory committee's note (1966 amendment). Because Plaintiffs have all along known the same facts and legal theories that they now propose to set forth in a renewed motion, they cannot meet

1 either standard.

### B. There is No Good Cause to Modify the Case Schedule.

The Ninth Circuit encourages district courts to strictly enforce scheduling orders because "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson*, 975 F.2d at 610. Likewise, this Court's Initial Standing Order emphasizes that the Court "has a strong interest in keeping scheduled dates certain," and explicitly warns all parties that "changes in dates are disfavored." Initial Standing Order, ECF No. 5 at 2. Thus, a party must submit "compelling factual support" to demonstrate good cause sufficient to modify a scheduling order. *Id.* at 2-3. Plaintiffs have not met that burden.

The Ninth Circuit has explained that "good cause" exists only if the party can demonstrate that the schedule or deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16(b), advisory committee's note (1983 amendment)). Thus, to meet Rule 16(b)'s "good cause" standard, Plaintiffs must show that despite their "diligence," they could not have sought to certify narrower classes by the deadline for moving for class certification set forth in the Court's May 7 Scheduling Order. Plaintiffs cannot make such a showing, nor do they try.

Rather than offering the "compelling factual support" required by this Court, Plaintiffs merely assert that they were "diligent in their efforts to prosecute this case throughout the litigation, including up to and through class certification decision." Mot. at 7. That answers the wrong question. The diligence inquiry focuses on whether Plaintiffs were diligent from the time they learned of the facts or legal theories that form the basis for the renewed motion for class certification. *See Calderon v. Target Corp.*, 2013 WL 4401430, at *5 (S.D. Cal. Aug. 15, 2013) (diligence in seeking amendment measured from the time the party was aware of the facts and theories supporting amendment). Plaintiffs cannot make that showing

because their "narrower" class definitions are based on the same facts and legal theories as their original motion.  They provide no explanation for why they could not have timely sought certification of  "specific, narrower state classes" within the original deadline.  *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action."); *Calderon*, 2013 WL 4401430, at *5 ("Plaintiff was not diligent in seeking amendment to add the proposed new claims because she was aware of the facts and theories supporting amendment since the inception of the action."); *Ortiz v. McNeil-PPC, Inc.*, 2009 WL 1322962, at *3 (S.D. Cal. May 8, 2009) (concluding that the plaintiffs had not shown the "requisite diligence" to justify a modification of the scheduling order to amend the complaint's class definition and pursue a second attempt at class certification because they offered no explanation for waiting to seek the amendment until "after [the] [c]ourt denied their motion for class certification").[3]

Indeed, Plaintiffs' decision to seek the certification of a nationwide class was a tactical one.  The failure of their strategy does not constitute good cause to amend the case schedule so they can try again.  *See Washington v. Vogel*, 158 F.R.D. 689, 692 (M.D. Fla. 1994) ("tactical decision" not to seek alternate certification did not provide cause to allow untimely second certification motion); *Landon v. Ernst & Young LLP*, 2012 WL 92599, at *2 (N.D. Cal. Jan. 11, 2012) (denying leave to amend schedule to file second motion for class certification where plaintiff's counsel did not act until after the court's decision on the first motion; "this 'wait and see' approach was improper in light of the court's scheduling orders . . . ."); *see also*

---

[3] *See also Lambey v. Cal. Dep't of Ins.*, 2013 WL 3992132, at *3 (E.D. Cal. Aug. 1, 2013) (denying motion to amend where party was aware for "nearly two years" of the facts upon which its new claim was based); *Eckert v. City of Sacramento*, 2009 WL 3211278, at *2 (E.D. Cal. Sept. 30, 2009) (same).

*Ho v. Ernst & Young LLP*, 2012 WL 95342, at *3 (N.D. Cal. Jan. 11, 2012) (denying motion to amend to add a new class representative after class certification denial because "plaintiffs must live by their strategic decisions"). This Court should thus reject Plaintiffs' request to modify the scheduling order.

### C. **Plaintiffs' Proposed Renewed Motion Is Improper and Futile.**

Plaintiffs also have not presented any materially changed or clarified circumstances that would justify a renewed class certification motion, and their newly proposed class definitions do not cure the deficiencies that led to the denial of their prior motion to certify. Accordingly, re-briefing class certification issues would be futile.[4]

#### 1. There Are No Materially Changed or Clarified Circumstances Warranting Consideration of Plaintiffs' Proposed Motion.

In support of their request for a renewed class certification motion, Plaintiffs attempt to rely on Federal Rule of Civil Procedure 23(c)(1)(C), which states that "an order that grants or denies class certification may be altered or amended before final judgment." Yet Plaintiffs are not asking this Court to alter or amend its prior Class Certification Order. As the advisory committee notes explain, Rule 23(c)(1)(C) is designed to permit modification of a class certification order "if, upon fuller development of the facts, the original determination appears unsound." Fed. R. Civ. P. 23(c)(1), advisory committee's note (1966 amendment). Rule 23(c)(1)(C) does not provide parties carte blanche to file renewed motions to certify different putative

---

[4] Defendants will be prejudiced by further modification of the case management order, including by having to defend against a repetitive class certification motion. *See Johnson*, 975 F.2d at 609 ("prejudice to the party opposing the modification might supply additional reasons to deny a motion"). Plaintiffs' assertion that Defendants would not suffer prejudice because the same Plaintiffs' counsel has filed two other lender-placed insurance lawsuits in this Court (*Vitek* and *Faili*) is incorrect. *See* Mot. at 9-10. The existence of other cases does not reduce the burden of re-litigating a motion in this case that Plaintiffs have already lost. Furthermore, motions to dismiss are still pending in *Vitek* and *Faili*, and some or all of the plaintiffs' claims may be subject to dismissal. Accordingly, the existence of the other cases has no bearing on the issues in this Motion.

classes after prior attempts have failed. Instead, a showing of "materially changed or clarified circumstances" is required. *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) ("[C]ourts should not condone a series of rearguments on the class issues by either the proponent or the opponent of the class.") (citation omitted). This requirement is amplified by this District's Local Rules, which also require a showing of a material change of fact for the Court to consider renewed motions seeking the "same relief in whole or in part" as a prior motion. LR 7-17 (renewed motion requires showing of "the new or different facts or circumstances claimed to warrant relief and why such facts or circumstances were not shown to the judge who ruled on the motion").

"Materially changed or clarified circumstances" require new facts that were not known at the time plaintiffs filed their motion. *See Mogel v. Unum Life Ins. Co. of Am.*, 677 F. Supp. 2d 362, 366 (D. Mass. 2009) (denying leave to amend complaint and file renewed certification motion because no new facts alleged that were not known at time of initial filing); *In re Fed. Home Loan Mortg. Corp. (Freddie Mac) Secs. Litig.*, 2012 WL 4435292, at *1 (S.D.N.Y. Sept. 26, 2012) (discussing what may constitute "changed circumstances"). As explained above, Plaintiffs have pointed to no new facts or circumstances to justify a renewed motion to certify a narrower class. Nor have they cited a single case in which a court permitted a renewed certification motion without a single change of either fact or law.[5]

---

[5] None of the cases Plaintiffs cite grants motions for leave to file a renewed certification motion. In *Hartman*, the court in fact *denied* Plaintiffs' motion for leave to file a renewed certification motion after determining that there were no changed circumstances justifying a renewed motion. 291 F.R.D. at 596-600. The only case Plaintiffs cite that considers whether to allow an amended class definition post-denial of certification, *Dukes v. Wal-Mart Stores, Inc.*, did so because after the Supreme Court reversed the certification order, the plaintiffs (unlike Plaintiffs here) proffered new, additional evidence that they contended supported a finding of commonality. 2012 WL 4329009, at *5-6 (N.D. Cal. Sept. 21, 2012). Notably, the *Wal-Mart* court subsequently denied plaintiffs' renewed certification motion because it was "essentially a scaled-down version of the same case with new labels

8

This Court's denial of Plaintiff's certification motion is not a changed circumstance: "The fact that Plaintiffs' counsel's tactical decisions did not work out as planned does not excuse the Plaintiffs' failure to timely seek class certification . . . , and it does not constitute 'changed circumstances.'" *Washington*, 158 F.R.D. at 692 (denying renewed motion for certification of 23(b)(3) class after motion for 23(b)(2) class was denied); *Mogel*, 677 F. Supp. 2d at 366 (denying motion for leave to file renewed class certification motion under 23(b)(3) as opposed to 23(b)(2) because no new facts were alleged apart from the order denying the initial certification motion).

### 2. Plaintiffs' Newly-Proposed Classes Do Not Overcome the Problems Identified in the Court's Denial of Certification.

The Court also should deny Plaintiffs' request for leave on grounds of futility. Plaintiffs' newly-proposed putative class definitions raise the same individual questions of fact that precluded certification in the first place. *Hartman*, 291 F.R.D. at 597 (denying leave to file renewed class motion where the renewed motion would not alleviate the court's concerns with certification).[6] Plaintiffs argue that their proposed "narrower" class definitions—"will not implicate the factual and legal

---

on old arguments," and "Plaintiffs' newly proposed class continues to suffer from the problems that foreclosed certification of the nationwide class." *Dukes v. Wal-Mart Stores, Inc.*, --- F. Supp. 2d ----, 2013 WL 3993000, at *1 (N.D. Cal. Aug. 2, 2013). The same will be true of Plaintiffs' renewed motion, if the Court allows it to be filed.

[6] *See also Mills v. Foremost Ins. Co.*, 2010 WL 4840050, at *2 (M.D. Fla. Nov. 23, 2010) (denying motion for reconsideration based on new class definitions because "deficiencies" identified in the court's initial order remained); *In re Fed. Home Loan Mortg. Corp.*, 2012 WL 4435292, at *1 (denying leave to file a renewed motion for class certification because "plaintiff has not made a showing of changed circumstances"). As the Southern District of New York aptly stated, "[a] plaintiff who wants to lead a class action should be prepared to put his best foot forward on the initial application. Plaintiff now seeks to file a third successive application for class certification. Plaintiff's new expert cursorily states that evidence supports a shorter class period, or two or more subclass periods. This proposed new class definition is not an adequate basis for reopening a question that has been exhaustively litigated. Accordingly, plaintiff's request for leave to file a renewed motion for class certification is denied." *Id.*

9

variances that this Court determined precluded certification of the originally proposed nationwide class." Mot. at 6. But Plaintiffs carefully ignore the portions of the Court's analysis that hold that differences in the cases of individual borrowers (including borrowers within the same state and on the same mortgage form) give rise to individualized inquiries incompatible with class treatment.

For example, the Court has already held that individual differences in the LPI premiums over time and by borrower, among other reasons, meant the proposed class lacked commonality. It stated that, to determine the "reasonableness and/or appropriateness, etc. of the . . . expenses [allegedly included in LPI premiums]," the Court would "need to determine what expenses were actually passed on to borrowers and the amount," as well as the "exact [LPI premium] rate passed on to borrowers." Class Certification Order at 24. These inquiries are inherently individualized, because the LPI premium rates and their components varied over time, by portfolio, and **by borrower**, and "[n]ot only did the rates at issue here vary by state, but they **varied within states** and changed over the class period." *Id.* (emphasis added). Similarly, the Court held that the alleged below cost tracking fees paid throughout the class period varied, and that these variances are relevant to determining whether and which LPI premium charges were reasonable or appropriate. *Id.* at 25-26.

The Court also held that "individual class members' circumstances could preclude or reduce recovery in some instances." Class Certification Order at 31-32 (citing, *inter alia*, *Kunzelmann v. Wells Fargo Bank, N.A.*, 2013 WL 139913, at *4 (S.D. Fla. Jan. 10, 2013)). For example, Defendants proffered evidence that the LPI coverage charged to Plaintiff Gustafson was less expensive than what he could have obtained elsewhere. Class Certification Order at 32; Balboa Opp., Quattrone Decl. Ex. 1 ("Appel Report") at 15-28. As another example, an individualized inquiry

would be required to analyze affirmative defenses such as the voluntary payment doctrine.[7]

The Court previously recognized that "many borrowers who are charged for [LPI] may either not pay for, or not pay the full rate of," such insurance, and that making such a determination requires an individualized inquiry. Class Certification Order at 4, 31.[8] These challenges exist whether the class that Plaintiffs seek to certify is nationwide or only for those borrowers in certain states. Likewise, the mortgage "form" to which the Plaintiffs attempt to limit the class does not rectify the problem of identifying which borrowers paid for LPI and which did not.[9]

---

[7] Although the Court discussed these borrower-specific inquiries in connection with Plaintiffs' unjust enrichment claim (which Plaintiffs appear to have abandoned, *see* Mot. at 4), all of the individualized borrower differences the Court cited are also relevant to the contract and UCL causes of action on which Plaintiffs now propose to seek certification. For example, the Frazes' UCL claim requires the balancing of the benefit of the challenged practice with the alleged consumer injury. *See* Bank of America Opposition to Class Certification [ECF No. 297] ("Bank of America Opp.") at 33-34. Accordingly, whether each individual borrower received a "countervailing benefits" from LPI in the form of lower-priced coverage is relevant to the merits of the UCL claim, and precludes certification of a class. *See* Balboa Opp. at 33; Bank of America Opp. at 35.

[8] This is because charges for LPI often are debited from a borrower's escrow account, which may not have a positive balance. If a borrower is delinquent or in foreclosure, enters into a short sale or other modification agreement, or otherwise stops making payments, that borrower may never pay for the insurance premium he was charged. Bank of America Opp., Shinners Decl. Ex. 5, Loriot Decl. ¶ 18. Because of the dynamic nature of this data, it would be exceedingly difficult to determine which borrowers paid or did not pay for LPI. *Id.* ¶ 19.

[9] The cases cited by Plaintiffs in which courts have certified statewide LPI classes are not predictive of Plaintiffs' likelihood of success here. *See* Mot. at 12 n.8. The cited cases dealt with settlement classes, which do not present the same manageability concerns as class litigation, and involved a single mortgage form that prohibited lender-placement of insurance (*Farmer v. Bank of Am.*, No. 11-cv-00935, ECF no. 92 (W.D. Tex. May 23, 2013)); involved a single LPI product with a single rate structure without the borrower-specific rate variations at issue here (*Williams v. Wells Fargo Bank, N.A.*, 280 F.R.D. 665 (S.D. Fla. 2012)); addressed LPI practices that are not at issue here (*Wahl v. Am. Sec. Ins. Co.*, 2010 WL 1881126 (N.D. Cal. 2010)); or simply failed to adequately address the individualized borrower differences this Court recognized when it correctly denied Plaintiffs' first motion for class certification (*Lane v. Wells Fargo Bank, N.A.*, 2013 WL 3187410 (N.D. Cal. June 21, 2013); *Hofstetter v. Chase Home Fin., LLC*, 2011 WL 1225900, at *15 (N.D. Cal. Mar. 31, 2011) (noting that the parties did "not address the proposed force-placed subclass at length")). Notably, Plaintiffs cited almost all of these cases in their Motion for Class Certification (at 3), but instead of using those cases to seek

1  Finally, Plaintiffs' narrowing of their putative class definitions to borrowers
2  with mortgages on "Single-Family Fannie Mae/Freddie Mac Uniform instruments"
3  does not eliminate these individualized inquiries, and also presents additional
4  problems of commonality and ascertainability.[10] As Plaintiffs are well aware, the
5  Fannie Mae/Freddie Mac instrument has varied over time in ways that are material
6  to Plaintiffs' claims. For example, a prior version of the Fannie Mae/Freddie Mac
7  uniform instrument contains a different Insurance Provision in Paragraph 5 than is
8  contained in Plaintiffs' mortgage instruments. *Compare* Declaration of David
9  Kantrowitz (attached hereto), Ex. 1 ¶ 5, *with* Third Am. Compl. [ECF No. 146],
10 Exs. 3-5 at ¶ 5. The prior version does not expressly warn that the cost of lender-
11 placed insurance "might significantly exceed the cost of insurance that Borrower
12 could have obtained." *Id*. As this Court held, "the contracts that provide [explicit]
13 information about [L]PI . . . are materially different from those that do not." Class
14 Certification Order at 20.
15 Given these, and other, individual differences among putative class members,
16 the proposed renewed motion to certify would not alleviate the Court's concerns
17 regarding the borrower-specific inquiries necessary to resolve the putative class
18 claims. Accordingly, the Court should exercise its discretion to deny Plaintiffs'
19 request to file a renewed motion for class certification.

20 **III. CONCLUSION**

21 For the foregoing reasons, Plaintiffs' Motion for Leave to File a Renewed
22 Motion for Class Certification and for an Order Modifying the Case Management
23 Schedule should be denied.

---

single-state classes, they attempted to convince the Court that these cases supported their strategic request for a nationwide class.

[10] Although class discovery has been completed, Plaintiffs make no showing to this Court that Defendants can determine which borrowers even had a mortgage on a particular Fannie Mae/Freddie Mac form.

12

Dated: January 17, 2014

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By: /s/ David L. Permut | By: /s/ Robyn C. Quattrone (with consent) |

David L. Permut (*pro hac vice*)
dpermut@goodwinprocter.com
Katherine J. Shinners (*pro hac vice*)
kshinners@goodwinprocter.com
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001-4432
Tel.: 202.346.4000
Fax: 202.346.4444

Matthew G. Lindenbaum
(*pro hac vice*)
mlindenbaum@goodwinprocter.com
**GOODWIN PROCTER LLP**
Exchange Place
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231

Laura A. Stoll
lstoll@goodwinprocter.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: 213.426.2500
Fax: 213.623.1673

*Attorneys for Defendants*
Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, and Banc of America Insurance Services, Inc.

Robyn C. Quattrone (*pro hac vice*)
rquattrone@buckleysandler.com
Jennifer A. Slagle Peck
(*pro hac vice*)
jslaglepeck@buckleysandler.com
**BUCKLEYSANDLER LLP**
1250 24th Street NW, Suite 700
Washington, DC 20037
Telephone: (202) 349-8000
Facsimile: (202) 349-8080

Frederick S. Levin (Bar No. 187603)
flevin@buckleysandler.com
**BUCKLEYSANDLER LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Telephone: (310) 424-3900
Facsimile: (310) 424-3961

*Attorneys for Defendants*
Balboa Insurance Co., Newport Management Corp., and Meritplan Insurance Co.