UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 11-915-JLS (ANx)                                    Date:  February 5, 2014
Title:  Christopher Gustafson, et al. v. BAC Home Loans Servicing, LP, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
            Not Present                                                         Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION AND FOR AN ORDER MODIFYING CASE MANAGEMENT SCHEDULE (Doc. 337)**

Before the Court is a Motion for Leave to File Renewed Motion for Class Certification and for an Order Modifying Case Management Schedule, filed by Plaintiffs Christopher Gustafson, Zahid Fraz, and Bushra Fraz.  (Mot., Doc. 337, "Motion.") Defendants Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP; Banc of America Insurance Services, Inc.; Newport Management Corporation; Balboa Insurance Company; and Meritplan Insurance Company opposed the Motion (Opp'n, Doc. 338), and Plaintiffs replied (Reply, Doc. 341).  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing on the Motion, set for February 7, 2014, at 2:30 p.m., is VACATED.  For the reasons set forth below, the Court DENIES the Motion.

**I.   Background**

Plaintiffs filed this proposed class action lawsuit in June 2011, challenging various aspects of Defendants' force-placed insurance practices. (Doc. 1.)  The crux of Plaintiffs' case is that Defendants engaged in a scheme to "force [] place hazard insurance coverage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 11-915-JLS (ANx)            Date: February 5, 2014

Title: Christopher Gustafson, et al. v. BAC Home Loans Servicing, LP, et al.

under [] mortgage loans to further impose unauthorized and excessive charges on Class members." (Class Cert Mem. at 1, Doc. 269-1.)

On April 12, 2012, this Court entered a Scheduling Order based on a revised Rule 26(f) Report filed by the parties. (Doc. 90.) Following multiple amended pleadings and several requests by the parties to modify the case schedule, the Court set May 15, 2013, as the last date to file a motion for class certification. (Doc. 262.) Neither the parties' filings, nor any of the Court's Orders contemplated the serial filing of class certification motions.

Plaintiffs moved to certify a nationwide class of residential mortgage loan borrowers, based on various state-law claims. (Class Cert. Mem. at 1.) Most, if not all, of the contracts at issue contained choice-of-law provisions designating federal law or the law of the state in which the property was located as the governing law. (Class Cert. Order at 6 n.3, Doc. 333.) Plaintiffs did not request certification of any state-wide subclasses in their Motion for Class Certification, in their Reply, or at the hearing.

On November 4, 2013, the Court denied Plaintiffs' motion for class certification for numerous reasons, including material differences in various states' laws. (*See* Class Cert. Order at 22-23, 27-29, 30-31.) The Court's Order did not contemplate further motions for class certification.

## II. Legal Standard

As Plaintiffs seek to modify the Court's Scheduling Order, their Motion is governed by Rule 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 11-915-JLS (ANx)            Date:  February 5, 2014

Title:  Christopher Gustafson, et al. v. BAC Home Loans Servicing, LP, et al.

modification.  If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (citations and internal quotation marks omitted).

### III.    Discussion

Plaintiffs argue that they have been "diligent in their efforts to prosecute this case throughout the litigation," and therefore have demonstrated good cause under Rule 16 to modify the schedule.  (Mem. at 7, Doc. 337-1.)  However, the "good cause" inquiry under Rule 16 focuses on the reason for the requested modification.  *Johnson*, 975 F.2d at 608.  Plaintiffs do not identify any new evidence or legal theories of which they were not previously aware.  Instead, the only reason for the requested modification is that the Court denied Plaintiffs' motion for class certification.  This, by itself, is not a basis for good cause, and the Motion is therefore denied.  *See Ortiz v. McNeil-PPC*, Inc., 2009 WL 1322962, at *3 (S.D. Cal. May 8, 2009) (finding no good cause where "Plaintiffs waited until after this Court denied their motion for class certification to seek amendment in order to change the class definition and pursue a second attempt at class certification."); *cf. In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.").

Plaintiffs also argue that the Court should allow a renewed motion for class certification under Rule 23.  (*See* Mem. at 6.)  As Plaintiffs have not demonstrated good cause to modify the schedule in this case, the Court need not consider this argument.  Nonetheless, the Court finds it would be inappropriate to allow a renewed motion for class certification under Rule 23.  District courts have "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005).  "Reconsideration of an original class ruling typically occurs as a result of a change in circumstances, and [i]n the absence of materially changed or clarified

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 11-915-JLS (ANx)                                      Date:  February 5, 2014
Title:  Christopher Gustafson, et al. v. BAC Home Loans Servicing, LP, et al.

circumstances, courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of the class." *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) (internal citations and quotation marks omitted). "Thus, [a plaintiff] must show some justification for filing a second motion, and not simply a desire to have a second or third run at the same issues." *Id.*

      Plaintiffs recognized that, although forced-place insurance class actions have been litigated for well over a decade, no decision has *ever* certified a nationwide class of borrowers with force-placed insurance based on a state-law claim.  (Reply at 10.)  Indeed, Defendants noted this point in an opposition to Plaintiffs' motion for class certification.  (Doc. 292 at 4 n.8.)  Nonetheless, Plaintiffs chose to move for certification of an unprecedented nationwide class based on state-law claims, and at no point suggested any intent to seek certification of state-wide classes or subclasses.  Defendants argue that Plaintiffs' decision was a tactical one, and Plaintiffs' briefing does not persuade the Court otherwise.  In essence, Plaintiffs made an "all or nothing" bet on seeking certification of a nationwide class only, and came up short.  Allowing a renewed motion for class certification under the present circumstances would promote tactics that waste the limited resources of the Court and unnecessarily protract the litigation.  Plaintiffs' argument that the "logical conclusion" of denying the Motion would require a plaintiff to seek "certification of all alternate or narrower classes that could possibly be certified," (Reply at 11), ignores the Court's substantial discretion to allow a renew class certification motion in a particular case.  Plaintiffs also ignore the flipside of their argument, which is that the Court should entertain endless class certification motions with no effort whatsoever by a plaintiff to consider timely proposing realistically narrowed subclasses. Accordingly, the Court finds it inappropriate to revisit class certification under Rule 23. *Accord Mogel v. UNUM Life Ins. Co. of Am.*, 677 F. Supp. 2d 362, 365-67 (D. Mass. 2009) (denying plaintiffs' motion for leave to file a renewed motion for class certification under Rules 15 and 23, where motion was an attempt by plaintiffs to "revisit their prior (unsuccessful) tactical decision").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 11-915-JLS (ANx)                              Date:  February 5, 2014

Title:  Christopher Gustafson, et al. v. BAC Home Loans Servicing, LP, et al.

**IV.     Conclusion**

For the reasons stated above, the Motion is DENIED.


Initials of Preparer:  tg